## SHOR v HUTTON

Ohio Appeals, 1st Dist, Hamilton Co

No 4754. Decided April 1, 1935

Leonard Shore, for plaintiff in error.
Walter K. Sibbald, Cincinnati, for the First National Bank, as Executor of Estate of W. E. Hutton, deceased.

## OPINION

By MATTHEWS, J.

The case comes before the court now upon the motion of the executor of W. E. Hutton, who died after the judgment was rendered, to dismiss on the ground that Bunton was a necessary party to any proceeding in error to review this judgment.

We are of opinion that this motion must be granted. In 2 O. Jur., p. 193, it is said:

"Substantial parties to the controversy below whose rights are affected by the judgment are necessary parties to error proceedings. It is error to reverse or modify a judgment without having before the court the parties affected by such reversal or modification."

There is no doubt that to give the court jurisdiction to review a judgment, all necessary parties must be before the court. The task is in the application of the rule to the particular facts, and not in the ascertainment of the rule.

In this case, in the trial court, Bunton was not a necessary party to the issue raised in the replevin action. The issue in the replevin action could have been disposed of without his presence. But on the defendant's motion he was made a party defendant in order that if the issue of fraudulent transfer raised by him was decided in his—Shor's—favor he could obtain the relief of having the property administered for the benefit of Bunton's creditors. However, there was but one issue—indivisible in character—raised by the pleadings. If that issue had been decided in his (defendant's) favor, the plaintiff would have failed in his replevin action, and the defendant Shor would have succeeded on his cross-petition. The jury found that issue in favor of the plaintiff, and the court rendered judgment thereon. That rendered it impossible for the defendant Shor to succeed on his cross-petition. It disposed of that issue adversely to him

Now the defendant Bunton had executed the chattel mortgage. He was the debtor of both the plaintiff and the defendant Shor. He saw fit to transfer this property to the plaintiff, and by his pleading showed that he desired the integrity of the transfer to be preserved. It has been by tne judgment rendered. The judgment could not be reversed or modified without impairing or jeopardizing the validity of Bunton's transfer and affecting his liability to his creditors. This, it seems to us, discloses that he would be affected by the judgment that might be rendered.

In disposing of the motion we have examined, inter alia, the following authorities which we believe support the conclusion reached: Young v Meyers, Jr., Exr., et, 124 Oh St, 448; Ted v Stambaugh, 37 Oh St, 469; Greenlee v New York Life Ins. Co. et, 123 Oh St, 599.

For the reasons, the motion to dismiss is sustained.

ROSS, PJ, and HAMILTON, J, concur.