**KAUSE, Admr. v GEMIN**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1688. Decided June 3, 1941

Harry M. Wolfe, Dayton, for plaintiff-appellant.

Thomas T. Vradelis, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment dismissing the petition after the court had sustained a demurrer of the defendant to plaintiff's petition as amended, plaintiff desiring to plead no further.

The original petition was instituted by the administrator of the estate of William Gemin, deceased, in which it was averred that defendants, George Gemin, Harry M. Wolfe and John F. Liesman were the transferees from plaintiff's decedent of an account in the Fidelity Building Association, the face value of $2617.24, an account and stock certificate in the Mutual Home & Savings Association, face value of $787.69 and an account in the Mutual Home & Savings Association, the face value of $1696.98; that the account in the Fidelity Association was transferred to George Gemin and the accounts in the Mutual Home & Savings Association were transferred to defendants, Wolfe and Liesman. It is further alleged that at the time of the transfer plaintiff's decedent had outstanding indebtedness to one Adolph Holler in the sum of $250.00; that the accounts were decedent's only assets and that by such transfer he rendered himself insolvent and that the defendants knew of the indebtedness of plaintiff's decedent to Adolph Holler. There was further allegation which it is not necessary to set forth and the prayer was to set aside the transfers as in fraud of creditors unless defendants elected to pay to the administrator the value of the accounts for the administration.

Defendants filed separate answers and certain motions and plaintiff replied to the answers of defendants, Liesman and Wolfe. Thereafter said defendants, Liesman and Wolfe, represented to the court that they were

the holders by assignment from the plaintiff of all of his rights in the above entitled action, asserted that they were thereby subrogated to plaintiff's rights against defendant, George Gemin, requested that they be substituted as plaintiffs and their names stricken from the petition as defendants. This relief was granted and defendant, Gemin, moved the court to dismiss plaintiff's petition for the reason that by the substitution of the parties plaintiff the theory originally stated in the petition had completely changed, which motion was overruled. Thereafter, Liesman assigned his interest in the action to Wolfe.

Thereupon defendant demurred to the petition as amended for the reason that there is a defect of parties, which demurrer was sustained, after which plaintiff's petition was dismissed and this action of the court is made the subject of the appeal.

Three errors are assigned, all of which are, of course, directed to the claimed error of the court in sustaining the demurrer to the amended petition.

The situation presented is novel.

As the demurrer is grounded upon the claim of defect of the parties without further designation, we test first the correctness of naming George Gemin party defendant and are satisfied that he, under the averments of the petition, is a proper and necessary party defendant.

The next test is applied to the status of the plaintiff. The action began under the title, Arthur J. Kause, Administrator of the Estate of William Gemin, deceased, plaintiff, and upon the averments of the petition he was the proper party plaintiff. **Green, Administrator v Sullivan, et, 32 Abs 269.** The assignment of the cause of action to defendants, Liesman and Wolfe is regular on its face, although, the authorization of the Probate Judge does not appear. We only test this assignment to determine if it is void because, if only improperly or irregularly made or

authorized, it should have been the subject of error proceedings.

Frankly, we cannot determine the theory upon which the assignment was made by the administrator to the joint defendants but that is immaterial if it may be legally made. It would clearly appear that there are certain causes of action which may be assigned by an administrator—for instance, if he held a note against the maker thereof, had instituted action thereon and thereafter it developed that the maker would defend and there might be uncertainty as to his ability to collect the note if he secured a judgment and another, who was in a more advantageous position to make collection of the note, would offer the administrator a fair price for his cause of action on the note, there would be no doubt of the authority of the Probate Judge to authorize the sale and transfer. In this situation definite return would accrue to the estate. Here, if a definite sum has accrued to the estate by reason of the assignment and thereby the administrator of the estate would make sure that its creditors would be paid, would the cause of action be wiped out?

Every legal intendment must be indulged to support the validity and regularity of the assignment. In view of the broad powers now vested in the Probate Court by virtue of §10501-53 GC, we would not, upon the meager information before us, say that the assignment was void but on the contrary must assume that it is valid.

The record presents an anomalous situation. At the ouset defendants, Gemin, Liesman and Wolfe were joined. At the present time Liesman and Wolfe have been dismissed as parties defendant and Wolfe acceding to the right of Liesman by assignment and to the right of the administrator by assignment upon his own motion proceeds as substituted plaintiff for the administrator.

An examination of the petition is convincing that, although, the parties were joined as defendants the trans-

actions set forth were separate. one being the transfer of an account to defendant, Gemin, the other being the transfer of an account and a stock certificate to defendants, Wolfe and Liesman. So that, it was not claimed that the defendants were under any common and joint obligation but were bound by joint and several obligations to the plaintiff as the personal representatives of an insolvent estate. So that, we see no insurmountable objection to the defendants, █ other than defendant, Gemin, being dismissed as defendants if the plaintiff for any reason concluded that they should not be longer held or so joined. If, instead of the defendants Wolfe and Liesman, the assignment had been made to some uninterested third party, we do not believe that the defendant, Gemin, could be heard to complain. And by a similar test, if the Probate Court found, as we must assume was done, that there was no ethical or legal reason to preclude the assignment of the cause of action of plaintiff to defendants other than Gemin, we are not disposed in this proceeding to challenge the right of defendant, Wolfe, assignee, to proceed.

It should be observed that under the code, §11241 GC the defendant, Gemin, is assured the right of set-off, counterclaim and defense as against Wolfe, the substituted party plaintiff.

There is no joinder of parties plaintiff in this action. Under §11261 GC it could have proceeded in the name of the original party. So that, there is but one party plaintiff whose rights are grounded and must be sustained upon the cause of action of the original plaintiff and who stands in his shoes and the only difference in the procedure as to the issues to be presented will be that which will result by reason of the application of §11241 GC, if invoked.

An interesting and troublesome question appears as to the disposition of the avails of a judgment against defendant, Gemin, in favor of the plaintiff in view of the assignment of the administrator's interest. As to this, however, we cannot say that the defendant, Gemin, may be heard to object because if the stock which he holds was transferred in fraud of creditors under the law he may not object if that transfer is set aside, if he is accorded the right to make any appropriate defense which, of course, will obtain.

We have no hesitancy in saying that the question here presented is without precedent so far as any member of this court knows and we are unable to find any authority in point and none is cited.

If plaintiff eventually maintains his action to set aside the transfer to defendant, it may be necessary to set it aside pro tanto only and if there are rights to be adjusted between Wolfe and Gemin they may be adjusted pro rata.

We can well understand that any Judge confronted with the situation here presented would be impressed with the simple fact that there was something wrong with it from a procedural standpoint and we, ourselves, are not free from that impression but upon the best analysis which we have been able to bring to it, we cannot conclude that the invalidity, if any there be, in the proceedings may be directed to a defect in parties. So finding, we reverse and remand the judgment.

GEIGER, PJ. and BARNES, J., concur.