358 So.2d 723 (1978)
Mildred Eloise MURRAY
v.
Garland Loyd MURRAY et al.
No. 49952.
Supreme Court of Mississippi.
May 17, 1978.
Barry H. Powell, Jackson, for appellant.
Thomas, Price, Alston, Jones & Davis, Charles R. Davis, Billups S. Allen, Jackson, for appellees.
Before SUGG, WALKER and COFER, JJ.
SUGG, Justice, for the Court:
This case is before us on appeal by Mildred Eloise Murray from a decree of the Chancery Court of the First Judicial District of Hinds County sustaining a plea in bar to her bill of complaint. Mrs. Murray's bill sought to impress a lien on certain real property to secure the payment of separate maintenance and to set aside conveyances to the property on the ground that the conveyances were fraudulent.
On December 10, 1970, Garland Murray, husband of the appellant and one of the appellees in this case, filed a bill of complaint for divorce, cause number 81,733, in the Chancery Court of the First Judicial District of Hinds County. Mildred Murray filed her answer to the bill for divorce. She *724 made her answer a cross-bill for separate maintenance seeking to set aside, as fraudulent, conveyances of certain real property and to impose a lien on the property in her favor to secure payment of separate maintenance. She attempted to join as cross-defendants, W. Clyde Murray and Helen McDonald, the grantees of the alleged fraudulent conveyances.
A final decree was entered November 17, 1971 in cause number 81,733, which dismissed Garland Murray's bill for divorce, awarded Mrs. Murray a decree for separate maintenance in the amount of $275 per month, dismissed the cross-bill, without prejudice against cross-defendants, W. Clyde Murray and Helen McDonald, and denied the other relief prayed for in the cross-bill. Before the hearing on the bill and cross-bill in cause number 81,733, the court held that new parties could not be brought in by cross-bill and limited the hearing to the issues between the original parties, Mr. and Mrs. Murray. The court refused to permit new parties to be brought in by cross-bill under the authority of Section 382, Mississippi Chancery Practice, 2d Edition (1950) which reads as follows:
New parties cannot be introduced into a cause by a cross-bill. If the complainant desires to introduce new parties he amends his bill and makes them. If the interest of the defendant requires their presence he takes the objection of nonjoinder, and the complainant is forced to amend or his bill is dismissed. If at the hearing the court finds that an indispensable party is not on the record it refuses to proceed. These remedies cover the whole subject and a cross-bill to make new parties is improper and irregular, and is generally unnecessary. It is true that occasionally it is possible for a complainant, whether with or without such a purpose, to so frame his bill as to render a cross-bill useless or of but limited service, and that our courts in view of such situations have sought in every admissible way to advance the remedy by cross-bill in order, in every case possible, to dispose of the whole controversy: nevertheless, because an entire departure from the rule as to new parties would so easily enable a defendant to greatly embarrass and unduly delay a cause by bringing into it additional and discordant parties for that purpose, or at least with that distinct result, such a departure has been steadily refused both by our courts and by our legislature,  and it is fairly safe to say that no deviation from such a sound and salutary rule will be made. All the supposed benefits that could be derived from making new parties to a cross-bill may be obtained now by an independent bill, and by the device of the consolidation of causes.
On October 15, 1971 while cause number 81,733 was pending and before the final decree, Mildred Murray filed an independent bill for separate maintenance (cause number 84,311) against Garland Murray in the Chancery Court of the First Judicial District of Hinds County seeking to set aside as fraudulent, conveyances to certain real property and to impress a lien upon the property. W. Clyde Murray and Helen McDonald were made defendants to this bill as grantees of defendant, Garland Murray. An amended bill of complaint was filed by Mildred Murray on November 18, 1971 which alleged that a final decree was rendered November 17, 1971 in cause number 81,733. A second amended bill was filed April 14, 1976 to add as defendants other grantees of conveyances from the original defendants, W. Clyde Murray and Helen McDonald.
Defendants answered and included a plea in bar alleging that the final decree of November 17, 1971 in cause number 81,733 settled all substantial issues in the present action and was res judicata of all claims of Mrs. Murray set out in her second amended bill. The court sustained the plea in bar, and the only error assigned is:
The court erred in ruling that the issues in this suit involving the setting aside of alleged fraudulent conveyances and the impressment of a lien to secure payment of separate maintenance had been litigated and ruled upon in a prior suit between the *725 litigants, cause 81,733 in the court below, so as to constitute res judicata to the instant action.
Four identities must be present before the doctrine of res judicata is operative. According to Pate v. Evans, 232 Miss. 6, 97 So.2d 737 (1957); Rawlings v. Royals, 214 Miss. 335, 58 So.2d 820 (1952), and Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So.2d 476 (1952), and cases therein cited, these identities are: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or character of the person against whom the claim is made.
A grantee is a necessary party in an action to set aside a fraudulent conveyance. Duckworth v. Allis Chalmers Mfg. Co., 247 Miss. 198, 150 So.2d 163 (1963); Taylor v. Webb, 54 Miss. 36 (1876); Stanton v. Green, 34 Miss. 576 (1857). See also, 24 A.L.R.2d 395 (1950) at 422 and 37 C.J.S. Fraudulent Conveyances § 345, p. 1176 (1945). See also, Griffith, Miss. Chancery Practice, § 121, p. 118 (1950).
A grantor is not a necessary party in an action to set aside a fraudulent conveyance. Duckworth v. Allis Chalmers Mfg. Co., supra; Taylor v. Webb, supra. Leach v. Shelby, 58 Miss. 681 (1881) approved the decision in Taylor v. Webb, supra. Justice Griffith in his excellent work sets forth the necessary parties in suits to set aside fraudulent conveyances in the following language:
In past years suits to set aside fraudulent conveyances were of frequent occurrence, and even yet they are often presented. In these suits it has been broadly held that all parties who are alleged to have been connected with the fraudulent transactions, all with whom accounts arising in the matter are prayed to be taken and whose several interests therein are to be adjusted are proper parties. The difficulty that seems to have presented itself in these cases is as to whether the fraudulent grantor or his heirs are necessary parties. In an earlier case an affirmative intimation was made on this point, but in later cases it was held that they are not necessary parties, although proper parties, and might be omitted if the circumstances justified. Of course, the party to whom the property has been conveyed is a necessary party to set aside a deed on which the title conveyed stands. (Sec. 121, Mississippi Chancery Practice, 2nd Edition, at 118).
It is therefore well established that: (1) new parties may not be brought in by a cross-bill; (2) grantees are necessary parties in actions to set aside fraudulent conveyances; (3) grantors are proper, but not necessary parties, in actions to set aside fraudulent conveyances. In the first case, number 81,733, the trial court properly limited the trial to the bill for divorce and cross-bill for separate maintenance, therefore, the issue of whether the conveyances from Murray to his grantees were fraudulent was not at issue and was not adjudicated. The decree of November 17, 1971 was not a bar to Mrs. Murray's independent action against Murray and his grantees because three of the four requisite identities necessary to bring into play the doctrine of res judicata were missing, namely, identity of the thing sued for, identity of the cause of action, and identity of parties to the action. We hold that the trial court erred in sustaining the plea in bar.
It was argued by the appellees in this Court that they have been prejudiced by the unconscionable delay of Mrs. Murray in prosecuting her suit and that she is guilty of laches. The original bill (number 84,311) to set aside conveyances as fraudulent, was filed on October 15, 1971, but was not heard until July 14, 1976. The defense of laches was not raised by the appellees either in their answer or plea in bar, and was not at issue before the trial court. Upon remand, the appellees may plead laches.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.