# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 9, 2008

131654

MATHER INVESTORS, L.L.C., d/b/a
MATHER NURSING CENTER,
        Plaintiff-Appellant,

v

WILLIAM LARSON,
        Defendant-Appellee,
and

ALICE MADDOCK,
        Defendant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 131654
COA: 261638
Marquette CC: 03-040829-CK

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of June 1, 2007. The application for leave to appeal the June 6, 2006 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

I respectfully dissent. The deceased debtor, Alice Maddock, owed approximately $53,000 for nursing services rendered at plaintiff's nursing home. While incurring this debt, Maddock transferred approximately $63,000 worth of real estate assets and bank-account funds to defendant, Maddock's nephew, for no consideration, thereby leaving Maddock unable to pay her bills. Plaintiff filed suit against the nephew, but failed to join the deceased debtor's estate, which had never been opened. The central issue in this case is whether a plaintiff creditor seeking to recover for a fraudulent transfer of assets must join the debtor as a defendant, or whether the creditor may file suit solely against the transferee. In my judgment, the Uniform Fraudulent Transfer Act (UFTA), MCL 566.31 *et seq.*, does not require a creditor to join the debtor in a suit filed against the transferee of a fraudulently transferred asset. Hence, the trial court and the Court of Appeals erred in concluding that the debtor's estate was a necessary party. For these reasons, I would

reverse the Court of Appeals judgment and remand the case to the trial court for further proceedings.

Under UFTA, a creditor must establish that "[a] transfer made . . . by a debtor is fraudulent." MCL 566.34(1). A "debtor" is "a person who is *liable* on a claim." MCL 566.31(f) (emphasis added). We have stated that "one becomes liable for the payment of services once those services have been rendered." *Community Resource Consultants v Progressive Michigan Ins Co*, 480 Mich __ (Docket No. 133416, issued March 7, 2008). Here, because Maddock incurred $53,000 in costs for services at plaintiff's nursing home, Maddock was "liable" for those services, and hence Maddock qualifies as a "debtor" under UFTA.

Having established that Maddock is a "debtor," I next consider MCL 566.38(2), which indicates against whom a judgment under UFTA may be rendered:

> [T]o the extent a transfer is voidable in an action by a creditor under [MCL 566.37(1)(a)], the creditor may recover a judgment for the value of the asset transferred . . . or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against either of the following:
>
> (a) The first transferee of the asset or the person for whose benefit the transfer was made.
>
> (b) Any subsequent transferee other than a good-faith transferee who took for value or from any subsequent transferee.

MCL 566.38(2)(a) thus indicates that a creditor may pursue an action under UFTA solely against the "first transferee" of the asset. Moreover, MCL 566.31(c) defines the term "claim" as "a right to payment, whether or not the right is reduced to judgment . . . disputed [or] undisputed . . . ." Because a creditor may, before the right to payment is reduced to judgment, sue the transferee alone, these statutes indicate that a debtor is not a necessary party in a UFTA action.

This conclusion is bolstered by MCL 566.37, which states:

> (1) In an action for relief against a transfer or obligation under this act, a creditor, subject to the limitations in section 8, may obtain 1 or more of the following:
>
> (a) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.
>
> (b) An attachment against the asset transferred or other property of the transferee to the extent authorized under section 4001 of the revised

judicature act of 1961, 1961 PA 236, MCL 600.4001, and applicable court rules.

(c) Subject to applicable principles of equity and in accordance with applicable court rules and statutes, 1 or more of the following:

(i) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property.

(ii) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee.

(iii) Any other relief the court determines appropriate.

(2) If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

MCL 566.37(1) lays out the general relief that any party seeking relief under UFTA may obtain: for example, an avoidance of the transfer, an attachment, an injunction, or the appointment of a receiver. MCL 566.37(2) then establishes specific relief that is only available "[i]f a creditor has obtained a judgment on a claim against the debtor . . . ." This phrase indicates that the relief available under MCL 566.37(1) may be granted in the absence of a judgment against the debtor. Once a judgment against the debtor is secured, the creditor may then obtain the further relief of execution on the assets. Thus, the relief available under UFTA further evidences that a debtor is not a necessary party to a UFTA action.

The effect of the Court of Appeals decision will be to impose an unwarranted burden on creditors who are attempting to collect legitimate business debts. Given the fungibility of assets in modern commerce, the Legislature could have reasonably chosen to loosen the requirements for a creditor's suit when a debtor's assets have been fraudulently transferred. Thus, UFTA permits a creditor who believes that a fraudulent transfer has taken place to quickly obtain an attachment on the fraudulently transferred assets, before the transferee can dispose of the assets and further hamper the creditor's efforts to recover. Such a creditor may then subsequently bring a second action against the debtor on the underlying liability in order to obtain execution on the assets under MCL 566.37(2). This system is not overly burdensome on transferees, because if a creditor obtains an attachment under UFTA, but is unable to subsequently secure a judgment against the debtor, the transferee may petition the trial court to void the attachment. Although this system may permit a creditor to cloud a transferee's title for some time, such an allocation of burdens is within the purview of the Legislature. Because the Legislature chose to allow a creditor to file a UFTA suit solely against a transferee, the duty of this Court lies in enforcing that legislative decision.

In my judgment, the relevant statutes clearly indicate that a debtor is not a necessary party to a UFTA action. Accordingly, I would reverse the contrary holding of the Court of Appeals and remand this case to the trial court for further proceedings.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 9, 2008

_____
Clerk

t0402