OPINION *Page 2 
{¶ 1} Plaintiff Farm Supply Center, Inc., appeals a judgment of the Court of Common Pleas of Perry County, Ohio, which dismissed defendant Jamie Smith from this action. Farm Supply Center assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED THE MOTION TO DISMISS OF DEFENDANT-APPELLEE, JAMIE SMITH, FOR THE REASON THAT THE COURT OF COMMON PLEAS DOES NOT HAVE JURISDICTION OVER THE SUBJECT MATTER OF THE LITIGATION.
 {¶ 3} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED THE MOTION TO DISMISS OF DEFENDANT-APPELLEE, JAMIE SMITH, FOR THE REASON THAT THE CASE IS BARRED BY THE DOCTRINE OF LIS PENDENS."
 {¶ 4} The record indicates on or about April 1, 2004, John Robert Gorsky transferred real estate he owned in Madison Township, Perry County, Ohio, to James David Smith and Jamie Smith, by a warranty deed. Gorsky reserved a life estate in the premises. On December 22, 2004, Gorsky transferred his life estate to James David Smith and Jamie Smith by means of a quit claim deed.
 {¶ 5} Gorsky died on January 15, 2005. Farm Supply Center had maintained an open running account with Gorsky for the purchase of feed, fertilizer, and merchandise. When Gorsky died, he owed Farm Supply Center $58,181.00.
 {¶ 6} Farm Supply alleged the Smiths gave no consideration for the real estate transactions, and the transfer rendered Gorsky insolvent. *Page 3 
 {¶ 7} On January 31, 2007, Farm Supply Center filed a complaint against James David Smith and Jamie Smith, seeking to set aside the conveyances as fraudulent, and seeking to make the real estate subject to the debt owed to Farm Supply Center.
 {¶ 8} On August 16, 2007, Jamie Smith filed a complaint for partition of the property. Farm Supply Center was one of the defendants named in the partition action.
 {¶ 9} On January 9, 2008, Farm Supply Center dismissed the within case pursuant to Civ. R. 41. Farm Supply Center alleges it did so because it believed the matter had been settled. No judgment entry of settlement was submitted to the court, and on February 21, 2008, Farm Supply Center re-filed its case. James David Smith filed an answer to the complaint, and Jamie Smith filed a motion to dismiss.
 {¶ 10} The trial court sustained the motion to dismiss Jamie Smith on April 22, 2008. The matter was appealed to this court, and on June 20, 2008, we dismissed the matter for lack of final judgment pursuant to Civ. R. 54. Thereafter, the trial court amended its entry to include the express determination there was no just reason for delay. Farm Supply Center then filed the instant appeal.
 {¶ 11} The trial court's judgment entry does not state the reason it dismissed Jamie Smith from the action, but Smith's motion to dismiss raised two alternative reasons, each of which is addressed by an assignments of error here.
 I. {¶ 12} In his first assignment of error, Farm Supply Center argues the trial court was incorrect in finding it did not have jurisdiction over the subject matter of the litigation. We agree. *Page 4 
 {¶ 13} Jamie Smith argued before the trial court and before us if Farm Supply Center was successful in setting aside the real estate transfers, the real estate would revert back to Gorsky, or in this case, to Gorsky's estate. For this reason, Smith argues the matter should have been filed in the Probate Court rather than the general division.
 {¶ 14} A motion to dismiss for lack of subject-matter jurisdiction should be denied if "any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock (1989),42 Ohio St.3d 77, 80, 537 N.E.2d 641, 644.
 {¶ 15} A probate court is a court of limited jurisdiction. R.C. 2101.24 gives the probate court exclusive jurisdiction over various actions, including directing and controlling the conduct and settling the accounts of executors and administrators and ordering the distribution of estates. Here, Gorsky's estate or representative was never named as a party defendant.
 {¶ 16} Further, a claim filed in probate court against a decedent's estate, if rejected by an executor or administrator, must be filed and perfected in a court of general jurisdiction, because probate courts in Ohio lack jurisdiction to adjudicate and enter money judgments on rejected claims, In Re: Estate of Baughman, 81 Ohio St. 3d 302 at 304,1998-Ohio-473, 691 N.E. 2d 257.
 {¶ 17} Farm Supply Center's complaint was brought under the Ohio Uniform Fraudulent Transfers Act, R.C. 1336.01 et seq. Revised Code provides remedies against a transferee who has knowingly received the benefit of a fraudulent transfer, Dolce v. Lawrence (May 23, 1997), Lake App. No. 96-L-129.
 {¶ 18} R.C. 1336.07 allows: (1) avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim; (2) attachment or garnishment against *Page 5 
the asset transferred or other property of the transferee; or (3) application of the principles of equity including injunction against further disposition by the debtor or transferee, appointment of a receiver to take charge of the asset, or any other relief circumstances may require.
 {¶ 19} We find the trial court had jurisdiction over the within. The first assignment of error is sustained.
 II. {¶ 20} In its second assignment of error, Farm Supply Center argues the Doctrine of Lis Pendens does not bar Farm Supply from using the savings statute to re-file its claim.
 {¶ 21} The Doctrine of Lis Pendens is codified in R.C. 2703.26, and provides when a complaint is filed, third parties have notice of its pendency. While the matter is pending, a third person cannot acquire any interest in the subject of the action as against the plaintiff's title. Because Farm Supply Center was named as a party defendant in the partition action, it cannot be considered a third-party attempting a collateral attack on the property.
 {¶ 22} R.C. 2305.19 permits a plaintiff to commence a new action within one year after it was dismissed under Civ. R. 41, and the action reverts back to the date of the original filing, which here was prior to the filing of the partition action.
 {¶ 23} The second assignment of error is sustained. *Page 6 
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
 Gwin, J., Hoffman, P.J., and Farmer, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee. *Page 1