BROWN BARK II, L.P., Appellant,

v.

COAKLEY, Appellee, et al.

[Cite as *Brown Bark II, L.P. v. Coakley,* 188 Ohio App.3d 179, 2010-Ohio-3023.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–950.

Decided June 30, 2010.

Greenebaum Doll & McDonald P.L.L.C. and Richard Boydston, for appellant.

Onda, LaBuhn, Rankin & Boggs Co., L.P.A., Timothy S. Rankin, and Benjamin W. Ogg, for appellee.

PEGGY BRYANT, Judge.

{¶ 1} Plaintiff-appellant, Brown Bark II, L.P., appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant-appellee, Rebecca S. Coakley. Plaintiff assigns a single error:

> The trial court erred in granting the motion of Defendant–Appellee Rebecca S. Coakley to dismiss the complaint of Plaintiff–Appellant Brown Bark II, L.P.

Because the trial court erred in granting defendant's motion to dismiss for failure to state a claim, we reverse.

## I. Facts and Procedural History

{¶ 2} According to the allegations of plaintiff's complaint, National City Bank entered into a loan agreement ("the loan") with Ralph F. Bales, d.b.a. Buckeye Decorators, Inc. "whereby National City Bank loaned money to Bales." Although the complaint alleges that "Buckeye Decorators, Inc. was never a legal entity and at all times was simply a name under which Bales did business," it nonetheless alleges that "Bales individually guarantied [sic] payment of the

Loan." No assets of Bales or Buckeye Decorators, Inc. secured the loan. Plaintiff purchased the loan from National City Bank in December 2007.

{¶ 3} In May 2006, Bales transferred the real property at 1045 North Hague Avenue, Columbus, Ohio ("the property") to defendant by quit-claim deed. Bales died on February 25, 2008. On September 19, 2008, plaintiff filed a complaint against Buckeye Decorators, Inc. for failure to repay the loan; plaintiff obtained a default judgment journalized in an April 8, 2009 decision and entry. Before obtaining its judgment, plaintiff sent a letter to defendant on December 1, 2008, requesting information regarding what, if anything, defendant gave Bales in exchange for the property. Plaintiff never received a response to its request.

{¶ 4} Defendant, acting as executor, opened an estate for Bales on March 20, 2009, in the Probate Division of the Franklin County Court of Common Pleas; the probate court relieved the estate from administration that same day. The sole estate asset was an automobile with a value of $12,000. No creditor of Bales filed a claim against Bales's estate pursuant to R.C. 2117.06.

{¶ 5} Plaintiff then filed a complaint against defendant in the Franklin County Court of Common Pleas on May 5, 2009, alleging that a fraudulent transfer occurred when Bales transferred the property to defendant in 2006. Plaintiff sought "a judgment * * * ordering the Transfer be avoided and appointing a receiver to sell the Property and pay the proceeds of said sale to plaintiff up to the amount of the Judgment." Defendant responded on June 16, 2009, with a motion to dismiss for failure to state a claim upon which relief can be granted. In her motion to dismiss, defendant asserted that the transferor is a necessary party to a fraudulent-transfer claim. Noting that R.C. 2117.06 specifies the time period within which a claim must be filed against an estate, defendant contended that any action against Bales was time-barred, rendering plaintiff unable to join a necessary party in plaintiff's claim against defendant. Plaintiff responded that the transferee of an allegedly fraudulent transfer alone was the proper defendant in plaintiff's action, so a claim against the estate was unnecessary.

{¶ 6} On September 14, 2009, the trial court issued a decision and entry granting defendant's motion to dismiss. The trial court concluded that plaintiff's "lawsuit exists solely on [the] theory that the real estate transfer was fraudulent and that title to the property should revert to Bales." With that premise, the court observed that "[p]laintiff cannot feign it is not seeking recovery of an asset of the Estate when its only hope of relief is dependent upon proof that the property belongs to the Estate." Because R.C. 2117.06 barred any claim plaintiff might seek to assert against the estate, the trial court concluded that plaintiff's complaint necessarily failed to state a claim upon which relief could be granted. Plaintiff timely appeals.

## II. Assignment of Error

{¶ 7} In its sole assignment of error, plaintiff contends that the trial court erred in concluding that R.C. 2117.06 time-bars plaintiff's complaint. Plaintiff asserts that because its fraudulent-transfer claim under R.C. Chapter 1336 is not a claim against Bales's estate, nothing required plaintiff to assert a timely claim against the executor or administrator of his estate.

{¶ 8} " 'When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the complaint to determine if dismissal is appropriate.' " *Wooden v. Kentner,* 153 Ohio App.3d 24, 2003-Ohio-2695, 790 N.E.2d 813, ¶ 6, quoting *Gleason v. Ohio Army Natl. Guard* (2001), 142 Ohio App.3d 697, 700, 756 N.E.2d 1243. "The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases." Id., quoting *Gleason* at 700, 756 N.E.2d 1243.

{¶ 9} "In order to sustain dismissal of a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *LeRoy v. Allen, Yurasek & Merklin,* 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14, citing *Doe v. Archdiocese of Cincinnati,* 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11. "The allegations of the complaint must be construed as true." Id., citing *Maitland v. Ford Motor Co.,* 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11. "Furthermore, the complaint's material allegations and any reasonable inferences drawn therefrom must be construed in the nonmoving party's favor." Id., citing *Kenty v. Transamerica Premium Ins. Co.* (1995), 72 Ohio St.3d 415, 418, 650 N.E.2d 863.

{¶ 10} Plaintiff's claim against defendant asserts that Bales violated the Ohio Uniform Fraudulent Transfer Act ("UFTA"), R.C. Chapter 1336, when he transferred the property to defendant. Addressing fraudulent transfers when the creditor's claim arose either "before or after the transfer was made," R.C. 1336.04(A) presents two separate definitions of a fraudulent transfer. The statutory elements of a fraudulent transfer under R.C. 1336.04(A)(1) include " '(1) a conveyance or incurring of a debt; (2) made with actual intent to defraud, hinder, or delay; (3) present or future creditors.' " *UAP–Columbus JV326132 v. Young,* 10th Dist. No. 09AP–646, 2010-Ohio-485, 2010 WL 532443, ¶ 28, quoting *Atlantic Veneer Corp. v. Robbins,* 4th Dist. No. 01CA678, 2002-Ohio-5363, 2002 WL 31230338, ¶ 13. By contrast, a claim under R.C. 1336.04(A)(2) requires that (1) the debtor made a transfer without receiving equivalent value and (2) the debtor either was engaged or was about to engage in a business or a transaction "for which the remaining assets of the debtor were unreasonably small in relation

to the business or transaction," or the debtor "intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." *Esteco, Inc. v. Kimpel,* 7th Dist. No. 07 CO 3, 2007-Ohio-7201, 2007 WL 4696855, ¶ 20.

{¶ 11} The trial court did not conclude that plaintiff's complaint was deficient in alleging the elements of a fraudulent-transfer claim. Instead, the court decided that R.C. 2117.06 time-barred plaintiff's fraudulent-transfer claim. A complaint may be dismissed under Civ.R. 12(B)(6) as time-barred under applicable statutory time constraints if the face of the complaint demonstrates that the action is time-barred. *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 518–519, 620 N.E.2d 152; *Swanson v. Boy Scouts of Am.,* 4th Dist. No. 07CA663, 2008-Ohio-1692, 2008 WL 943912, ¶ 6, citing *Doe v. Robinson,* 6th Dist. No. L–07–1051, 2007-Ohio-5746, 2007 WL 3120279, ¶ 17, citing *Archdiocese of Cincinnati,* 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11. Only where the complaint shows conclusively on its face that the action is time-barred should a Civ.R. 12(B)(6) motion to dismiss be granted based on violation of such time constraints. *Swanson,* citing *Jackson v. Sunnyside Toyota, Inc.,* 175 Ohio App.3d 370, 2008-Ohio-687, 887 N.E.2d 370, ¶ 15.

{¶ 12} Plaintiff's complaint plainly sets forth the dates Bales transferred the property to defendant and defendant recorded the deed for the property. Plaintiff's complaint further states the date of Bales's death and the date Bales's estate was opened and closed. Accordingly, the face of the complaint allowed the trial court to consider defendant's claim that R.C. 2117.06 barred plaintiff's complaint for failure to timely present a claim to Bales's estate.

{¶ 13} Under R.C. 1336.09(A) and (B), the statute of limitations for plaintiff's fraudulent-transfer claim is four years from the date of the transfer. See R.C. 1336.09(C) (providing a one-year statute of limitations for actions under R.C. 1336.05). Plaintiff's complaint avers that Bales transferred the property to defendant on or about May 31, 2006; plaintiff filed its complaint against defendant on May 5, 2009. Plaintiff properly contends that it filed its complaint within the four-year time period provided in R.C. 1336.09(B). The trial court concluded that even though plaintiff met the general statute of limitations for fraudulent-conveyance claims under R.C.1336.09, plaintiff nonetheless also must comply with the time constraints R.C. 2117.06 imposes for claims against a decedent's estate since the transferor-debtor Bales was deceased when plaintiff filed its complaint.

{¶ 14} R.C. 2117.06(A) provides that "[a]ll creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims" in one of the manners prescribed in R.C.

2117.06(A)(1). R.C. 2117.06(A)(1) provides that after the administrator or executor is appointed, and prior to a final account or certificate of termination being filed, the claim should be presented (a) to the executor or administrator in a writing, (b) to the executor or administrator in a writing and to a probate court by filing a copy of the writing with the court, or (c) in a writing sent by ordinary mail and addressed to the decedent, which the executor or administrator actually receives within the time prescribed in R.C. 2117.06(B). R.C. 2117.06(A)(1)(a), (b), or (c).

{¶ 15} According to R.C. 2117.06(B), "all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period." A claim "not presented within six months after the death of the decedent shall be forever barred as to all parties," and no payment may be made on the claim. R.C. 2117.06(C). See also *In re Estate of Curry*, 10th Dist. No. 09AP–469, 2009-Ohio-6571, 2009 WL 4809722, ¶ 9; R.C. 2117.37 (providing that a cause of action that accrues on a claim that "is contingent at the time of a decedent's death" must "be presented to the executor or administrator, in the same manner as other claims, before the expiration of one year after the date of death of the decedent, or before the expiration of two months after the cause of action accrues, whichever is later").

{¶ 16} The trial court's decision, coupled with plaintiff's response that neither R.C. 2117.06 nor 2117.37 applies because its fraudulent-transfer claim is not against Bales or his estate but against defendant, raises at least two issues: (1) the necessary parties to an R.C. Chapter 1336 action and (2) whether a judgment against the debtor-transferor is a necessary predicate to a complaint based on R.C. Chapter 1336.

## A. The Necessary Parties in Fraudulent-Transfer Claims

### 1. The Transferee

{¶ 17} Plaintiff's fraudulent-transfer claim arises under R.C. Chapter 1336, which "permits a creditor to challenge a debtor's transfer of property in specified circumstances and to avoid the transfer to the extent necessary to satisfy the creditor's claim." *UAP–Columbus JV326132*, 2010-Ohio-485, 2010 WL 532443, at ¶ 25, citing R.C. 1336.07(A)(1). A creditor's "claim" for purposes of R.C. Chapter 1336 is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." R.C. 1336.01(C). Among the statutorily provided remedies are (1) avoiding the transfer or obligation to the extent necessary to satisfy the creditor's claim, (2) attachment or garnishment against the transferred asset or other property of the transferee per R.C.

Chapters 2715 and 2716, and (3) as allowed in applicable principles of equity and the Rules of Civil Procedure, an injunction against the debtor or transferee, or both, barring further disposition of the asset transferred or of other property, appointing a receiver to take charge of the asset transferred or of other property of the transferee, and any other relief the circumstances may require. R.C. 1336.07(A).

{¶ 18} R.C. 1336.08(B)(1), in turn, provides that to the extent a transfer is voidable under section 1336.07(A)(1), the creditor may recover a judgment for the value of the asset transferred against either (a) the first transferee of the asset or the person for whose benefit the transfer was made, or (b) any subsequent transferee other than a good-faith transferee who took for value. R.C. 1336.08(B)(1)(a) and (b). The text of R.C. 1336.07(A) and 1336.08(B)(1) thus suggest that the Ohio UFTA provides for remedies and judgments against the transferee of the property, making the transferee a necessary and proper party. Courts in Ohio, as well as those outside the state, have so held. See also *Esteco*, 2007-Ohio-7201, 2007 WL 4696855, at ¶ 8 (citing R.C. 1336.08 and stating that "[i]f a transfer is fraudulent, then a creditor has the right to sue the original transferee and any subsequent transferee for the value of the transferred property, subject to certain defenses"); *Dolce v. Lawrence* (May 23, 1997), 11th Dist. No. 96–L–129, 1997 WL 286154 (holding that "in an action involving the Ohio Uniform Fraudulent Transfer Act, the transferee is a necessary party over whom the court must possess personal jurisdiction in order to proceed"). See also *Simmons v. Clark Equip. Credit Corp.* (Ala.1989), 554 So.2d 398 (holding that the grantee, where it still retains title to the property, is a necessary party to an action by the grantor's creditors to set aside a conveyance as fraudulent); *Murray v. Murray* (Miss.1978), 358 So.2d 723, 725 (stating that the "grantee is a necessary party in an action to set aside a fraudulent conveyance").

## 2. The Debtor

{¶ 19} Opinions about whether the debtor is a necessary party to a fraudulent transfer action are less uniform. Some courts have held that "in an action to set aside a fraudulent transfer and subject assets in the hands of a third person or transferee to payment of the debt, the debtor and the third person or transferee are proper and necessary parties to the action." *Dolce* at \*4, citing *Kause v. Gemin* (1941), 69 Ohio App. 494, 24 O.O. 210, 38 N.E.2d 96; *Shor v. Hutton* (1935), 50 Ohio App. 349, 4 O.O. 74, 198 N.E. 192.

{¶ 20} When, however, the debtor no longer retains any interest in the transferred property but has conveyed its entire interest to the transferee, courts have concluded that they may fully determine the transferee's rights without the debtor's being a party to the action. See *Akron Bldg. & Loan Assn. v. Foltz*

(1908), 26 Ohio C.D. 572. See also *Mather Investors, L.L.C. v. Larson* (2006), 271 Mich.App. 254, 256, 259, 720 N.W.2d 575 (stating that although "[t]he plain language of the UFTA does not require the creditor to join the debtor alleged to have made the fraudulent transfer" courts still must consider whether "the circumstances of the individual case permit complete adjudication without joining the debtor transferor"), appeal not allowed by *Mather Investors, L.L.C. v. Larson* (2008), 480 Mich. 1159, 746 N.W.2d 617; *Simmons*, 554 So.2d at 399 (stating that "[g]rantors in a conveyance assailed as being fraudulent are not necessary parties defendant," and "[t]he only time the debtor [grantor] is a necessary party is when he has an outstanding interest in the property that was not included in the fraudulent conveyance"); *Murray*, 358 So.2d at 725 (stating that "[a] grantor is not a necessary party in an action to set aside a fraudulent conveyance").

{¶ 21} More recent Ohio decisions entertain claims of fraudulent transfer brought solely against the transferees of property and not against the debtors. See, e.g., *Lifesphere v. Sahnd*, 179 Ohio App.3d 685, 2008-Ohio-6507, 903 N.E.2d 379 (involving creditor nursing home that brought fraudulent-transfer action against debtor's son, the transferee, but not against the debtor-transferor who transferred real estate to her son before incurring large debts to nursing home); *Farm Supply Ctr., Inc. v. Smith*, 5th Dist. No. 2008–CA–13, 2008-Ohio-5368, 2008 WL 4599627 (allowing creditor farm-supply store to bring fraudulent-transfer action against transferee of real estate without naming debtor-transferor as party); *Ford v. Star Bank, N.A.* (Aug. 27, 1998), 4th Dist. No. 97CA39, 1998 WL 553003 (permitting fraudulent-transfer action against transferee bank when husband and wife debtors of plaintiff creditor both had filed bankruptcy).

██ {¶ 22} Because the debtor-transferor Bales retained no interest in the property, he is not a necessary party to plaintiff's fraudulent transfer. Plaintiff is not required to name Bales or his estate a party-defendant in its fraudulent-transfer action; commencing the action against the transferee-defendant is sufficient. As a result, plaintiff's action is not a claim against Bales's estate such that R.C. 2117.06 would operate to time-bar it.

### B. Judgment as a Prerequisite in Fraudulent–Transfer Claims

{¶ 23} Noting that the only remedy sought in plaintiff's complaint is to avoid the transfer "to the extent necessary to pay the [j]udgment," defendant contends that plaintiff's fraudulent-transfer claim necessarily fails because plaintiff has no judgment against either defendant or Bales but against Buckeye Decorators, Inc. Defendant further asserts that Bales's absence as a party causes plaintiff's remedies to fail. Defendant notes that if the transfer is avoided, the property will revert to Bales's estate, where plaintiff is time-barred from asserting a claim. Moreover, defendant notes, plaintiff cannot obtain the necessary judgment

against Bales to allow an attachment, as plaintiff did not timely assert a claim against Bales's estate.

{¶ 24} R.C. 1336.01(C) defines a "claim" for purposes of the UFTA as "a right to payment" without regard to whether that right ever has been reduced to judgment. R.C. 1336.01(C). The statutory language thus does not in itself require a judgment as a prerequisite to a fraudulent-transfer action, and courts have so held. See, e.g., *In re Michener* (Bankr.D.Minn.1998), 217 B.R. 263, 268, 270 (stating that the UFTA "expanded creditors' remedies by allowing creditors without judgments to bring fraudulent conveyance actions" so that "present remedies under Minnesota's Fraudulent Transfer Act * * * extend to both simple unsecured creditors and attached judgment lien creditors").

{¶ 25} Even so, courts are split over whether, if the debtor is not a party, a creditor must have a judgment against the debtor before pursuing the transferee. In *Farm Supply Ctr.*, the court heard and rejected a similar argument. The defendant-transferee in that case argued that the practical effect of the creditor's success in setting aside the real estate transfers would be reversion of the real estate to the debtor's estate. *Farm Supply Ctr.*, 2008-Ohio-5368, 2008 WL 4599627, at ¶ 13. For that reason, the defendant argued, the matter belonged in the probate court as a claim against the debtor's estate. Id. *Farm Supply Ctr.* noted not only that the debtor's estate or representative was never named as a party, but that Ohio's UFTA provides for remedies against the transferee. Id. at ¶ 15–17. Accordingly, *Farm Supply Ctr.* rejected the defendant's argument and held that the general division of the common pleas court had jurisdiction over both the subject matter and defendant personally. Id. at ¶ 19.

{¶ 26} *Mather Investors* considered a similar issue but reached a different conclusion. In *Mather Investors*, 271 Mich.App. 254, 720 N.W.2d 575, the Michigan court first stated that "[t]he plain language of the UFTA does not require the creditor to join the debtor alleged to have made the fraudulent transfer * * * [and] we will not imply such a requirement." Id. at 256, 259, 720 N.W.2d 575. The court nonetheless considered whether "the circumstances of the individual case permit complete adjudication without joining the debtor transferor." Id. at 259, 720 N.W.2d 575. The court concluded that "unless the transferor's liability has already been determined in a proceeding that afforded the transferor a meaningful opportunity to defend, the transferor's 'presence in the action is essential to permit the court to render complete relief.' " Id. at 259–260, 720 N.W.2d 575, citing MCR 2.205(A) (Michigan's joinder statute).

{¶ 27} Given the allegations of plaintiff's complaint, we need not resolve the issue. Plaintiff's complaint alleges that National City Bank, whose interest plaintiff acquired, loaned money to Bales, who was doing business as Buckeye Decorators, Inc. The complaint specifically asserts that Buckeye Decorators, Inc.

was never a legal entity, but only a name under which Bales conducted business. The allegations of the complaint thus suggest that plaintiff's default judgment against Buckeye Decorators, Inc. was in reality against Bales. If plaintiff has a judgment against Bales, Bales's estate is not a necessary party; if plaintiff prevails on its claim, the transfer can be set aside to the extent necessary to satisfy plaintiff's judgment. R.C. 1339.07. The allegations of plaintiff's complaint, however, are not entirely consistent. While plaintiff alleges that the loan was made to Bales, it also asserts that Bales guaranteed repayment of the note, an odd circumstance if Bales was the debtor on the loan.

██ {¶ 28} Plaintiff's allegations also raise issues about whether the complaint that resulted in a default judgment was initiated against and served upon the proper defendant, a matter not addressed in the trial court's decision. Pursuant to R.C. 1329.10(C), "a plaintiff may commence or maintain an action against a party named only by its fictitious name." *Family Medicine Found., Inc. v. Bright,* 96 Ohio St.3d 183, 2002-Ohio-4034, 772 N.E.2d 1177, syllabus; a plaintiff may then enforce the resulting judgment against the user of that fictitious name. A sole proprietor doing business under a fictitious name thus "does not create an entity distinct from the person operating the business." Rather, "[t]he individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations." *Patterson v. V. & M Auto Body* (1992), 63 Ohio St.3d 573, 575, 589 N.E.2d 1306. When, however, a court enters a judgment against a nonentity and the plaintiff knew the identity of the sole proprietor behind the fictitious name, the judgment rendered against that nonentity is void, as the lawsuit "was never properly commenced." Id. at 577, 589 N.E.2d 1306.

██ {¶ 29} Whatever issues plaintiff's complaint ultimately may raise, the allegations of its complaint must be accepted as true at this stage of the proceedings on defendant's motion to dismiss. Because the complaint alleges a judgment against Bales, doing business as Buckeye Decorators, Inc., plaintiff need not join Bales's estate as a party defendant.

{¶ 30} Based on the foregoing, the trial court erred in construing plaintiff's fraudulent-transfer claim as subject to the time limits in R.C. 2117.06. Because the sole basis of the trial court's decision granting defendant's motion to dismiss was the timeliness of the claim under R.C. 2117.06, we sustain plaintiff's sole assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand for further proceedings consistent with this decision.

Judgment reversed and
cause remanded.

KLATT and CONNOR, JJ., concur.