[Cite as *Yoo v. Ahn*, 2018-Ohio-1291.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105406**

# SANG B. YOO

PLAINTIFF-APPELLEE

vs.

# IL JAE AHN, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-828528

**BEFORE:** Kilbane, J., Keough, P.J., and E.A. Gallagher, A.J.

**RELEASED AND JOURNALIZED:** April 5, 2018

**ATTORNEY FOR APPELLANT**

Richard Agopian
7466 Huntz Drive
Cheyenne, Wyoming 82009


**ATTORNEY FOR APPELLEE**

L. Bryan Carr
1392 Som Center Road
Mayfield Heights, Ohio    44124

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, IL Jae Ahn ("Ahn"), appeals from the trial court's judgments denying his motion for a new trial, setting aside a transfer of property, and awarding punitive damages and attorney fees. For the reasons set forth below, we affirm.

**{¶2}** The instant appeal arises from a $39,400 judgment plaintiff-appellee, Sang B. Yoo ("Yoo"), obtained against Ahn for passing a bad check to Yoo in a previous case, *Yoo v. Ahn*, Cuyahoga C.P. No. CV-03-507552. Yoo recorded a judgment lien in that amount in May 2004, and renewed the lien in February 2009 and December 2013.

**{¶3}** In June 2014, Yoo initiated the instant case against Ahn and his sister, Miyeon Kim Ahn ("Miyeon"), alleging a single cause of action — fraudulent conveyance to a creditor. Yoo alleges that in September 2011, Ahn purchased a property located at 12118 Lenacrave Avenue in Cleveland, Ohio for $6,500. In November 2011, Ahn sold the property to Morom Begum ("Begum") for $74,600. Then in January 2013, Begum sold the property to Miyeon for $74,600, the same amount Begum paid for the property. As a result, Yoo claims these transactions were a fraudulent transfer of Ahn's interest in the property to his sister, Miyeon, with the intent to defraud Yoo as a creditor. Yoo further alleges these transfers were made without consideration.

**{¶4}** In December 2015, the matter proceeded to a trial before the bench.[1] The following evidence was adduced at trial. Yoo obtained judgment against Ahn in the

---

[1]Prior to trial, the court granted Yoo's motion for summary judgment with

amount of $39,400 and recorded a judgment lien in the same amount in May 2004. Yoo renewed her judgment lien, without dispute from Ahn, in February 2009 and in December 2013. Ahn acknowledged that Yoo was a creditor and has a judgment lien against him.

{¶5} In July 2011, Household Realty Corporation ("HRC") purchased its mortgage at a foreclosure sale for $1,687 for the Lenacrave property. In August 2011, Ahn purchased this property from HRC for $6,500. In October 2011, Ahn transferred the property to Begum for $74,600. There was no purchase agreement memorializing the transaction. The tax mailing address for the property listed on the deed was Ahn's rental property in Mayfield Heights, Ohio. Ahn testified that Begum is a family friend.

{¶6} Then in January 2012, Begum transferred the property to Miyeon, who at the time was going through a divorce in Cuyahoga County Domestic Relations Court.[2] The consideration was $74,600, the same as the previous transaction. Yoo testified that there was a purchase agreement memorializing this transaction, but he does not have a copy of it. He further testified that the tax mailing address for Miyeon was the same address as in the previous transaction. Yoo testified that Miyeon has never worked and had no financial ability to purchase the property. He further testified that Miyeon lives in Korea and does not plan to return to the United States. In her divorce decree, Miyeon indicated that she did not have any interest in any real estate in Ohio.

---

regard to Miyeon.

[2]Miyeon's divorce was finalized in July 2012.

**{¶7}** At the conclusion of the evidence, Ahn moved for a directed verdict. The trial court denied the motion and asked the parties to submit proposed findings of fact and conclusions of law. In June 2016, the court issued its findings of fact and conclusions of law. In its decision, the court found that the transfers by Ahn to Begum (without a purchase agreement memorializing the transaction) and then to Miyeon (without a purchase agreement memorializing the transaction) was a fraudulent transfer of Ahn's interest in the property to his sister. As a result, Yoo was entitled to avoidance of the prior transfer of the property to Miyeon. The trial court judicially rescinded the deed executed on January 9, 2012 (recorded on January 13, 2012) and transferred the property back into Ahn's name. The trial court awarded Yoo $50,000 in punitive damages and set the matter for a hearing to determine the amount of attorney fees that should be awarded to Yoo.

**{¶8}** Ahn filed a motion for a new trial in light of the trial court's decision. On December 28, 2016, the trial court entered a judgment in which both Yoo and Ahn entered a stipulation for $14,997.39 as Yoo's "attorney fees while preserving [Ahn's] right to argue entitlement of attorney fees." That same day, the trial court denied Ahn's motion for a new trial.

**{¶9}** Ahn now appeals, raising the following six assignments of error for review. For ease of discussion, we will discuss the assignments together where appropriate.

## Assignment of Error One

The [Uniform Fraudulent Transfer Act] does not support the court's action in setting aside the transfer of property.

### Assignment of Error Two

The trial court did not have jurisdiction to void the transfer of property.

### Assignment of Error Three

The trial court should have granted [Ahn's] motion for a new trial.

### Assignment of Error Four

Punitive damages are not warranted.

### Assignment of Error Five

There was no statutory authority for the trial court to award attorney fees.

### Assignment of Error Six

It was error to find a fraudulent transfer of the property.

### Fraudulent Conveyance

{¶10} In the first, third, and sixth assignments of error, Ahn challenges the trial court's judgment setting aside the transfer of the Lenacrave property from Begum to Miyeon and reinstating the property in Ahn's name. He contends that the transfer from him to Begum was in "good faith," and the fact that he sold the property for an amount that "greatly exceeded the purchase price" demonstrates that there was no fraud.

{¶11} Ohio's Uniform Fraudulent Transfer Act, as set forth in R.C. Chapter 1336, was enacted to create a right of action for a creditor to set aside an allegedly fraudulent transfer of assets. _ _*Sanderson Farms, Inc. v. Gasbarro*, 10th Dist. Franklin No. 01AP-461, 2004-Ohio-1460, ¶ 40. The Act defines certain types of transfers from a debtor to a transferee as fraudulent. R.C. 1336.04(A)(1) provides that:

A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation * * * with actual intent to hinder, delay, or defraud any creditor of the debtor[.]

{¶12} If a transfer is fraudulent, then a creditor has the right to sue the original transferee and any subsequent transferee for the value of the transferred property. R.C. 1336.08(B); *Esteco, Inc. v. Kimpel*, 7th Dist. Columbiana No. 07 CO 3, 2007-Ohio-7201, ¶ 8.

{¶13} In the instant case, there is no dispute that Yoo has a judgment lien against Ahn in the amount of $39,400. Ahn acknowledged that Yoo was a creditor and has a judgment lien against him that remains unpaid. In August 2011, Ahn purchased the Lenacrave property for $6,500. In October 2011, Ahn transferred the property to Begum. The consideration was $74,600, with no purchase agreement memorializing the transaction. Then in January 2012, Begum transferred the property to Miyeon. The consideration was also $74,600, with no purchase agreement memorializing the transaction. Ahn testified that his sister never worked and had no financial ability to purchase real estate. In addition, during Miyeon's divorce proceedings, which concluded in July 2012, Miyeon did not identify to the divorce court that she had an interest in the Lenacrave property.

{¶14} The trial court found that Ahn conveyed the Lenacrave property at issue with actual intent to defraud Yoo, as his creditor, and, did so with conscious disregard of Yoo's rights. The court further found that Ahn's conduct had great probability of

causing substantial harm. The court further found Yoo's claims against Miyeon are established as a matter of law as a result of granting summary judgment against Miyeon. The court concluded that the "effect of the aforementioned transaction was fraudulent transfer of [Ahn's] interest in the property to his sister [Miyeon]." As direct and proximate result of Ahn's conduct, the court found that Yoo was entitled to avoidance of the prior transfer of the Lenacrave property to Miyeon. The court judicially rescinded the deed executed in January 2012 (recorded on January 13, 2012) and transferred the property back into Ahn's name.

{¶15} Based on the foregoing, we agree with the trial court's findings that the conveyance was made with actual intent to defraud Yoo.[3] As a result of this fraudulent transfer, it was within the trial court's authority to rescind the deed between Begum and Miyeon and transfer the property back into Ahn's name.

{¶16} Accordingly, the first, third, and sixth assignments of error are overruled.

### Jurisdiction

{¶17} In the second assignment of error, Ahn argues Yoo's complaint should be dismissed because the trial court did not have jurisdiction to void the transfer. His

---

[3]We note that "[m]ultiple transactions designed to perpetuate a fraud can be considered a single transaction. *See Masonic Health Care, Inc. v. Finley*, 176 Ohio App.3d 529, 2008-Ohio-2891, 892 N.E.2d 942, ¶ 49 (2d Dist.). 'Thus an allegedly fraudulent conveyance must be evaluated in context; where a transfer is only a step in a general plan, the plan must be viewed as a whole with all its composite implications.' (Internal quotations omitted). *Orr v. Kinderhill Corp.*, 991 F.2d 31, 35 (2d Cir.1993)[.]" *Premier Therapy, L.L.C. v. Childs*, 2016-Ohio-7934, 75 N.E.3d 692, ¶ 119 (7th Dist.)

jurisdictional argument is based on Yoo's failure to join Begum as a necessary party and her failure to obtain proper service on Miyeon.

{¶18} With regard to Miyeon, Ahn contends that Yoo "may have known that Miyeon relocated to Korea" before she filed the instant case. However, Ahn's assertion is merely an allegation that Yoo "may have known" Miyeon relocated to Korea. We find this argument unpersuasive.

{¶19} With regard to Begum, Ahn contends that Begum is an indispensable party that Yoo should have joined in the lawsuit. We note, however, that a plaintiff in an action under Ohio's Fraudulent Transfer Act "need not join every subsequent transferee. The necessary party would be the transferee (or participant for whose benefit the transaction was made) from whom recovery is sought." *Premier Therapy* at ¶ 132. Here, Yoo named Ahn and Miyeon as defendants in her case and sought recovery from both of them. Yoo was not required to join Begum as a defendant because she was not seeking recovery from Begum.

{¶20} Therefore, the second assignment of error is overruled.

Punitive Damages & Attorney Fees

{¶21} In the fourth and fifth assignments of error, Ahn challenges the trial court's order awarding Yoo $50,000 in punitive damages and $14,997.39 in attorney fees. He argues that Yoo failed to demonstrate malice and there is no statutory basis for attorney fees.

{¶22} R.C. 1336.07 generally describes remedies in fraudulent conveyance actions

and provides that a creditor may obtain "[a]ny other relief that the circumstances may require." *Id.* at (A)(3)(c). R.C. 1336.10 supplements the law governing fraudulent conveyance actions, and provides that

> the principles of law and equity, including, but not limited to, the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency, or other validating or invalidating cause, supplement the provisions of this chapter.

{¶23} Applying these principles, the Ohio Supreme Court has found that punitive damages and attorney fees are available in an action for fraudulent conveyance when appropriate. *Locafrance United States Corp. v. Interstate Distrib. Servs., Inc.*, 6 Ohio St.3d 198, 202-203, 451 N.E.2d 1222 (1983); *see also Aristocrat Lakewood Nursing Home v. Mayne*, 133 Ohio App.3d 651, 670-673, 729 N.E.2d 768 (8th Dist.1999).[4] Under R.C. 2315.21, punitive or exemplary damages are not recoverable from a defendant unless "[t]he actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud" and "[t]he trier of fact has returned a verdict or has made a determination pursuant to [R.C. 2315.21(B)(2) or (3)] of the total compensatory damages recoverable by the plaintiff from that defendant." *Id.* at (C)(1) and(2). "Actual malice" requires proving that the debtor acted in the form of either (1) hatred, ill will, or a spirit of revenge, or (2) a conscious disregard for the rights of others which had a great probability of causing substantial harm. *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987).

---

[4]We note that *Locafrance* preceded the current version of R.C. 2315.21.

**{¶24}** Here, Yoo demanded punitive damages and attorney fees in her complaint. As part of the trial court's judgment, the court determined that Ahn "conveyed/transferred the Property at issue with actual intent to defraud [Yoo], his creditor; and, did so with conscious disregard of [Yoo's rights] as his creditor, that had great probability of causing substantial harm." As a result, we find that the court's award of $50,000 in punitive damages and $14,997.39 in attorney fees is proper.

**{¶25}** Thus, the fourth and fifth assignments of error are overruled.

**{¶26}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, A.J., and
KATHLEEN ANN KEOUGH, P.J., CONCUR