[Cite as *Montefiore Home v. Fields*, 2019-Ohio-1989.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

MONTEFIORE HOME,               :

    Plaintiff-Appellant,       :

                                No. 107359

    v.                         :

FAYE FIELDS,                   :

    Defendant-Appellee.        :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 23, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-878371

---

### *Appearances:*

Rolf Goffman Martin Lang, L.L.P., David S. Brown and W. Cory Phillips, *for appellant.*

Faye Fields, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, the Montefiore Home ("Montefiore"), appeals the trial court granting defendant-appellee Faye Fields' motion for summary judgment on its claims of (1) promissory estoppel, (2) fraudulent transfer under R.C. 1336.04(A)(1), 1336.04(A)(2) and 1336.05(A) and (3) "power-of-attorney

negligence and/or unauthorized acts" under R.C. 1337.092(B), arising out of Fields' actions on behalf of her godmother, Hazel Thornton. For the reasons that follow, we find that Fields failed to meet her initial burden of proving she was entitled to summary judgment on any of Montefiore's claims. We, therefore, reverse the trial court's decision and remand the case for further proceedings.

## Relevant Facts and Procedural History

{¶ 2} In June 2014, Thornton entered into an admission agreement with Montefiore, a skilled-nursing facility, whereby Thornton would become a resident and receive health care and other services from Montefiore. In exchange, Thornton agreed to pay all associated charges and fees when they became due. Montefiore issued Thornton monthly billing statements that reflected the charges incurred and the balance due and owing. Fields did not sign the contract but was listed as Thornton's "representative." In relevant part, the agreement provides "You have asserted that the Representative has legal access to and control over the Resident's income, assets, personal and real property, and resources * * * and You understand that Montefiore is entering into this Agreement in reliance on that assertion."

{¶ 3} According to Montefiore, its relationship with Thornton continued for approximately 16 months, until October 2015. During that time, Fields represented to Montefiore that she had Thornton's power of attorney to act on Thornton's behalf. In this capacity, Fields represented to Montefiore that she would take specific actions with regard to addressing Thornton's balance owed to Montefiore, including sale of Thornton's real estate, arranging transfer of

Thornton's pension and social security disbursements to Montefiore, assistance in completing a Medicaid application and otherwise acting to ensure Thornton's account was settled. At some point Thornton died, although it is unclear from the record precisely when this occurred. It is undisputed that Fields made at least some of the alleged representations during the course of Thornton's residency at Montefiore. [1]

{¶ 4} When Thornton died, she did so with an outstanding debt to Montefiore of $20,388.34 plus associated fees. Fields never took action to settle Thornton's account despite the representations she had made during the course of Thornton's residency. Moreover, it is clear that Montefiore relied on Fields' assurances to its detriment: it did not evict Thornton or terminate services due to nonpayment. Fields did not deny that she told Montefiore that she would use Thornton's assets and property to satisfy the debt and that she was empowered to do so. Instead, she claimed that that she never obligated herself to the debt personally.

{¶ 5} Montefiore further alleged that during the course of Thornton's residency at Montefiore, Fields depleted Thornton's bank account through a series of withdrawals and transfers. It is unclear from the record before us what Fields did

---

[1] In rejecting Montefiore's promissory estoppel claim the trial court stated that Montefiore did not change its position in reliance on Fields' representations because "the services were already provided and the debt was already incurred." Based on the record before us we find no reason to conclude as much. To the contrary, as noted, Montefiore stated that based on Fields' representations it refrained from discharging Thornton due to nonpayment.

with Thornton's money following the withdrawals and transfers. There is no indication that it was used for Thornton's benefit and it is undisputed that she did not use any of it to satisfy Thornton's debt to Montefiore despite her assurances that she would do so.

{¶ 6} In April 2017, Montefiore filed a complaint against Fields to collect the past due amount owed on Thornton's account and associated fees. Appearing pro se,[2] Fields answered Montefiore's complaint. In her answer, Fields admitted to "the basic outline of Plaintiff's Complaint," with the following exceptions: (1) she never obligated herself for the debt which is the subject of the complaint; (2) she did not sign the "Agreement" between Thornton and Montefiore and (3) "that the property mentioned in Plaintiff's Complaint was foreclosed upon and funds derived from the sale." By virtue of Fields' failure to specifically deny the other averments in the complaint, she thereby admitted them. Civ.R. 8(D); *State ex rel. Craig v. Scioto Cty.*, 117 Ohio St.3d 158, 2008-Ohio-706, 882 N.E.2d 435, ¶ 20.

{¶ 7} Fields moved for summary judgment on the same grounds she asserted in her answer: (1) she did not sign the "Agreement," (2) she in no way obligated herself personally for the debt which is the subject of the complaint and (3) that Thornton's property was "foreclosed upon and funds derived from the sale." Fields did not attach any affidavits or other evidence in support of her motion.

---

[2] "'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" *In re Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22, quoting *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10.

Beyond making the unsupported statement that she never agreed to personally assume Thornton's debt, Fields' motion was not responsive to any of Montefiore's claims against her.

{¶ 8} Montefiore opposed Fields' motion arguing that Fields failed to meet her initial burden under Civ.R. 56. In support of its opposition, it attached notes from Montefiore's file on Thornton that outlined the dates and contents of communications between Montefiore and Fields and included representations that Fields had made. The notes are supported, and explained, by an affidavit which further indicates that Fields promised Montefiore that she would make payments towards Thornton's balance and that Montefiore permitted Thornton to remain at the home based on those representations. Montefiore also attached a multitude of bank documents relating to Thornton's bank account including bank statements as well as withdrawal slips signed by Fields. Those documents are supported by another affidavit which explains that the records show that Fields withdrew at least $19,832 in cash from Thornton's account and transferred an additional $12,437 from Thornton's account to an account not owned by Thornton.

{¶ 9} The trial court rejected Montefiore's arguments and granted summary judgment to Fields on all claims. Montefiore now appeals.

### Law and Analysis

{¶ 10} Under Civ.R. 56 a party is entitled to summary judgment if the evidence, properly submitted, shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In evaluating

a summary judgment motion the court construes the evidence most strongly in favor of the nonmoving party. Civ.R. 56(C) ("A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *.").

{¶ 11}  The party moving for summary judgment carries the initial burden of identifying specific facts in the record that demonstrate that it is entitled to summary judgment.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996).  To demonstrate that there are no genuine issues of material fact "the [moving party] must be able to point to evidentiary materials * * * that a court is to consider in rendering summary judgment."  *Id.* at 292-293.  Summary judgment is not appropriate where the moving party bases its claim on speculation and unsupported assertions.  A moving party "does not discharge its initial burden * * * simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case." *Id.* at 293.

{¶ 12}  If the moving party fails to satisfy this initial burden, there is no basis for summary judgment and the court must deny the motion.  *Id.*; *see also Maust v. Palmer*, 94 Ohio App.3d 764, 769, 641 N.E.2d 818 (10th Dist.1994) ("There is no 'default' summary judgment under Ohio law.").  "A party seeking summary judgment on all claims bears the burden of affirmatively demonstrating, that with respect to *every* essential issue of *each* count in the complaint, it is entitled to

judgment." (Emphasis sic.) *Am. Family Ins. Co. v. Hoop*, 4th Dist. Adams No. 13CA983, 2014-Ohio-3773, ¶ 27, citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

{¶ 13} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate. *Id.*

{¶ 14} We note that Montefiore brought this cause of action in the court of common pleas against Fields for wrongful acts she allegedly committed in her personal capacity; this is not an action in probate court seeking to collect a debt from Thornton or her estate. *See Kingston of Miamisburg v. Maute*, 2d Dist. Montgomery No. 27877, 2018-Ohio-2855.

{¶ 15} The sum and substance of Fields' arguments in support of summary judgment as she stated in her brief is as follows:

> 2. The present case involves a contract for services. The contract does not show the signature or confirms [sic] any confirmation of responsibility or establishes [sic] any fiduciary responsibilities by this Defendant whatsoever.
>
> 3. Defendant was merely the emergency contact person for her GodMother [sic] Hazel Thornton and that in no way either verbally or in writing whatsoever did Defendant obligate herself for the debt which is the subject of this Complaint.
>
> 4. Moreover, Plaintiff's own Exhibit substantiates this in that the document des [sic] not show that the Defendant signed the Agreement.

5.  Defendant further states that the property mentioned in Plaintiff's Complaint was foreclosed upon and funds derived from the sale.

{¶ 16} As previously stated, Fields provided no affidavit or evidence to support her statements.  Moreover, the only evidence in the record to which Fields referred was the admission agreement, and only to assert that she did not sign the document, an assertion that was unrelated to any of Montefiore's claims.  We note that none of Montefiore's claims are based on a theory of liability under the admission agreement.

{¶ 17}  We recognize that Civ.R. 56 does not require that the party moving for summary judgment support its motion with its own affirmative evidence.  Nevertheless, the onus is on the moving party to (1) inform the trial court of the basis for its motion and (2) identify the portions of the record that demonstrate the absence of a genuine issue of fact as to a material element of the nonmoving party's claim.  *Dresher*, 75 Ohio St.3d at 292, 662 N.E.2d 264.  Fields simply failed to do that here.

{¶ 18}  Montefiore asserted three claims against Fields: promissory estoppel, fraudulent transfer and unauthorized acts of a power of attorney pursuant to R.C. 1337.092(B).

{¶ 19}  A party seeking to recover on a promissory estoppel claim must prove: (1) a clear, unambiguous promise, (2) reliance on the promise by the person to whom the promise is made, (3) reasonable and foreseeable reliance on that promise and (4) injury that results as a result of that reliance.  *Zindroski v. Parma*

*City School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga No. 93583, 2010-Ohio-3188, ¶ 62. Construing the evidence in a light most favorable to Montefiore, Fields has not shown she is entitled to summary judgment. Specifically, the evidence established that Fields represented herself as having power of attorney to act on Thornton's behalf. The evidence also established that Fields told Montefiore that she would pay money towards Thornton's debt. Moreover, the undisputed evidence also establishes that Montefiore relied on Fields' promises and did not evict Thornton and terminate her services due to nonpayment. As such, Fields has failed to meet her initial burden to establish that there is no genuine dispute as to a material fact and that she is entitled to judgment as a matter of law on this claim.

{¶ 20} A claim for fraudulent transfer under Ohio's Uniform Fraudulent Transfer Act, as set forth in R.C. Chapter 1336, creates a right for a creditor to set aside an allegedly fraudulent transfer of assets and defines certain types of transfers from a debtor to a transferee as fraudulent. *Yoo v. Ahn*, 8th Dist. Cuyahoga No. 105406, 2018-Ohio-1291, ¶ 11. R.C. 1336.04(A) defines two types of fraudulent transfers:

> A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor;
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:

(a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

(b) The debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

{¶ 21} "If a transfer is fraudulent, then [pursuant to R.C. 1336.08(B)] a creditor has the right to sue the original transferee and any subsequent transferee for the value of the transferred property." *Yoo* at ¶ 12, citing R.C. 1336.08(B) and *Esteco, Inc. v. Kimpel*, 7th Dist. Columbiana No. 07 CO 3, 2007-Ohio-7201. Viewing the evidence in a light most favorable to Montefiore, Fields has failed to establish that she is entitled to summary judgment on this claim. Specifically, the evidence established that during the same time period Fields made representations to Montefiore as to Thornton's account that she also had access to Thornton's assets. Further, the evidence shows that through withdrawals and transfers, Fields depleted Thornton's assets and did not use the funds to settle Thornton's account and moreover there is no indication that Thornton otherwise benefitted from the transactions. Thus, Fields has not met her burden to establish that there is no genuine dispute as to a material fact and that she is entitled to judgment as a matter of law on this claim.

{¶ 22} As it pertains to Montefiore's statutory claim pursuant to R.C. 1337.092(B), an attorney in fact is personally liable for a debt of that person's principal, as relevant here, if "[t]he negligence of the attorney in fact gave rise to or resulted in the debt," or if "[a]n act of the attorney in fact that was beyond the

attorney in fact's authority gave rise to or resulted in the debt." Viewing the evidence presented in a light most favorable to Montefiore, Fields has failed to show she is entitled to summary judgment on this claim. The undisputed facts establish that Fields represented to Montefiore that she would act on Thornton's behalf. Further, the undisputed evidence establishes that Fields depleted or transferred Thornton's assets and did not direct any of the assets to Montefiore to address Thornton's accruing debt. Fields has failed to meet her burden to establish she is entitled to summary judgment on this count.

{¶ 23} Although it is evident from the previously quoted portion of Fields' motion for summary judgment we nevertheless underscore that Fields entirely failed to address Montefiore's second and third causes of action. *See Spradlin v. Collier*, 4th Dist. Scioto No. 97CA2521, 1998 Ohio App. LEXIS 1428, 5-6 (Mar. 31, 1998) (trial court errs by granting summary judgment for all claims where motion failed to address one claim). To the extent that Fields' statement that she "in no way * * * obligate[d] herself for the debt" is responsive to Montefiore's promissory estoppel claim, it is nevertheless unsupported, conclusory and insufficient to satisfy her initial burden. *See Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264 ("[T]he moving party does not discharge its initial burden * * * simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case.").

{¶ 24} Accordingly, because Fields failed to meet her initial burden as to any of Montefiore's claims we find that the trial court erred by granting her summary

judgment.  We reverse the trial court's judgment and remand the case for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

**EILEEN A. GALLAGHER, JUDGE**

**EILEEN T. GALLAGHER, P.J., and**
**KATHLEEN ANN KEOUGH, J., CONCUR**