[Cite as *Black v. Stouffer Realty, Inc.*, 2013-Ohio-5723.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

PAMELA BLACK

    Appellant/Cross-Appellee

v.

STOUFFER REALTY, INC.

    Appellee

and

NIKKI KONSTAND RELIC

    Appellee/Cross-Appellant

C.A. No.      26550

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2010-11-7671

DECISION AND JOURNAL ENTRY

Dated: December 26, 2013

BELFANCE, Presiding Judge.

{¶1} Plaintiff-Appellant Pamela Black and Defendants-Cross-Appellants Stouffer Realty, Inc. and Nikki Konstand Relic appeal the judgment of the Summit County Court of Common Pleas.

I.

{¶2} Mrs. Black and her husband Theodore Black wanted to buy a condominium owned by Joseph Martha. The condominium was listed with Stouffer Realty. The Blacks signed a dual-agency agreement with Ms. Relic, Stouffer's agent, because she also represented Mr.

Martha. Mrs. Black made an initial offer of $500,000 for the condominium.[1] That offer included a clause that made it contingent upon the Blacks selling their current home. Mr. Martha rejected the offer and made a counteroffer of $515,000 that still contained the contingency for the Blacks selling their home. The parties dispute whether Ms. Relic ever brought this counteroffer to the Blacks, but, in any case, Mr. Martha's offer was not accepted. Ms. Relic agreed to give up $5,000 of her commission, and the parties agreed on a sale price of $510,000 with a $150,000 down payment. If Mrs. Black did not apply for financing within five business days, Mr. Martha had the option to declare the contract to be void. The parties also agreed that the closing date of the sale would be April 30, 2010, which was the last day that the Blacks would be eligible for $6,500 in stimulus money for the sale. However, the final agreement was not contingent on the sale of the Blacks' home.

{¶3} The Blacks went to their bank to seek a home-equity loan on their current home in order to pay the down payment. However, they did not seek a loan for the purchase of Mr. Martha's house until March 2010, well beyond the five days required by the purchase agreement. The appraisal came back lower than the purchase price, and, thus, the lender declined to issue a loan. Ms. Relic appealed the appraisal, sending in suggested comparable homes, but the new appraisal came back in lower. Unable to obtain financing, the Blacks did not purchase Mr. Martha's house.

{¶4} Mr. Martha ultimately sold the property for $487,500 and then sued Mrs. Black for breach of contract, seeking restitution for the difference between the $510,000 contract price and the sale price as well as compensation for expenses he had incurred, including condominium

---

[1] Although Mr. and Mrs. Black signed the purchase agreement and the dual agency agreement, the purchase agreement only named Mrs. Black as the buyer.

fees and maintenance costs. Mrs. Black counterclaimed against Mr. Martha and also filed a complaint against third-party defendants Stouffer Realty and Ms. Relic, alleging breach of contract, breach of fiduciary duty, and fraud. Mrs. Black eventually settled with Mr. Martha for $7,500, and his portion of the case was dismissed.

{¶5} Mrs. Black continued pursuing her claims against Stouffer Realty and Ms. Relic, and a jury trial was held. At trial, the Blacks testified that Ms. Relic had not told them about Mr. Martha's counteroffer for $515,000 contingent upon the sale of the Blacks' home, had not explained the $150,000 down payment requirement, and had generally advocated in favor of Mr. Martha to their detriment. The jury eventually found in Mrs. Black's favor and awarded $8,907.67 in damages for breach of fiduciary duty, $7,657.67 for breach of contract, and $9,991.67 for fraud.

{¶6} The trial court reconvened the jury to have it determine whether Stouffer Realty and Ms. Relic should also be subject to punitive damages. The trial court informed the jurors that, if they determined that punitive damages should be awarded, the jurors should then decide whether Mrs. Black was also entitled to attorney's fees. The jurors returned a verdict indicating that punitive damages were not appropriate but also awarding Mrs. Black attorney fees. Mrs. Black objected to the verdict as being inconsistent and requested that the issue be returned to the jury. The trial court declined to return the matter to the jury and entered a judgment of $0 in punitive damages and attorney's fees.

{¶7} Mrs. Black appealed, raising two assignments of error, and Stouffer Realty and Ms. Relic cross-appealed, raising three assignments of error. For ease of discussion, we initially address the cross-appellants' assignments of error, starting with their third cross-assignment of error.

II.

CROSS-ASSIGNMENT OF ERROR III

BLACK'S CLAIMS FOR BREACH OF FIDUCIARY DUTY, FRAUD AND MISREPRESENTATION MUST BE REVERSED AS THE UNDERLYING PURCHASE AGREEMENT CONTRACT BETWEEN MARTHA AND BLACK WAS VOID DUE TO THE FAILURE OF THE FINANCING CONTINGENCY.

{¶8}    In their third cross-assignment of error, Stouffer Realty and Ms. Relic  essentially argue that their breach of fiduciary duty, breach of contract, and fraud were not viable claims because the purchase agreement between Mr. Martha and Mrs. Black was void upon Mrs. Black's failure to secure financing.[2]  We disagree.

{¶9}    We initially observe that Stouffer Realty and Ms. Relic seem to suggest Mrs. Black could not maintain any claims against them as a matter of law if the purchase agreement became void.  However, they have not provided any precedent in support of their argument. Stouffer and Ms. Relic also argue that Mrs. Black had no claims against them because she could not suffer any damage as a result of a void contract.  However, the argument they advance is based upon the incorrect premise that any injury suffered by Mrs. Black flowed exclusively from her liability to Mr. Martha.  While the Blacks testified that the impetus for filing their suit against Stouffer Realty and Ms. Relic was Mr. Martha's lawsuit, their claims go beyond whether they were liable to Mr. Martha.  Mrs. Black's contention at trial was that Ms. Relic's actions and omissions, including failing to properly explain the contract and failing to disclose Mr. Martha's counteroffer for $515,000 that contained the contingency on the sale of their home, had harmed

_____

[2] Stouffer Realty and Ms. Relic do not argue that the jury's determinations of breach of contract, breach of fiduciary, and fraud were against the manifest weight of the evidence. Rather, they argue that the claims must fail because Mrs. Black did not suffer any damage as a result of Stouffer's or Relic's conduct.  We confine our analysis accordingly.  *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

her. The Blacks testified that, because of the purchase agreement, they incurred loan origination costs, stopped looking for other homes, and were unable to take advantage of the $6,500 stimulus tax credit. All of those damages were separate from Mr. Martha's suit and existed irrespective of the enforceability of the purchase agreement.

{¶10} Thus, even assuming that the purchase agreement was void because Mrs. Black could not obtain financing, that fact would not negate all of the injuries Mrs. Black argued that she had suffered. Her claims of fraud, breach of contract, and breach of fiduciary duty were all causes of action independent of the status of the purchase agreement, and Stouffer Realty and Ms. Relic have not cited any authority to support their argument to the contrary. *See* App.R. 16(A)(7). Accordingly, their third cross-assignment of error is overruled.

CROSS-ASSIGNMENT OF ERROR I

BLACK'S CLAIM AGAINST RELIC/STOUFFER FOR INDEMNIFICATION FOR THE $7,500 PAYMENT TO MARTHA MUST FAIL AS A MATTER OF LAW SINCE ANY CLAIM MARTHA HAD AGAINST BLACK WAS DUE EXCLUSIVELY TO THE BLACKS' ACTIONS AND NOT TO ACTIONS OF RELIC/STOUFFER.

{¶11} In Stouffer Realty and Ms. Relic's first cross-assignment of error, they argue that Mrs. Black could not succeed on her claim of indemnification, which they describe as her "main claim" against them. However, it is apparent from the record that Mrs. Black's claims at trial were based on breach of contract, breach of fiduciary duty, and fraud, not indemnification.[3] Accordingly, Stouffer Realty and Ms. Relic's first assignment of error is overruled.

---

[3] Mrs. Black's third-party complaint did contain a claim for indemnification. However, Mrs. Black attempted to dismiss all of her claims other than breach of contract, breach of fiduciary duty, and fraud prior to trial by means of Civ.R. 41(A)(1)(a), which is why her indemnification claim was not presented to the jury. This Court has recognized that Civ.R. 41(A)(1)(a) only permits a party to dismiss all of its claims against a defendant, not some of them. *Foley v. Empire Die Casting Co., Inc.*, 9th Dist. No. 24558, 2009-Ohio-5539, ¶ 4. Mrs. Black's purported dismissal was, therefore, ineffective. However, because the court included

CROSS-ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW IN PERMITTING THE REMAINING DAMAGES TO BE CONSIDERED BY THE JURY, AS THE COURT GRANTED A DIRECTED VERDICT AS TO CERTAIN OF THOSE DAMAGES, AND THERE WAS NO EVIDENCE AT ALL OF "SERIOUS" PAIN, SUFFERING AND MENTAL ANGUISH.

{¶12} Stouffer Realty and Ms. Relic argue in their final cross-assignment of error that the jury's verdict against them must be reversed because the trial court had granted a motion for directed verdict regarding some of Mrs. Black's claimed damages and because "there was absolutely no evidence presented at trial to support a finding of 'serious pain, suffering, or mental anguish' damages." We disagree.

{¶13} With regard to the assertion that the trial court granted a directed verdict for Stouffer Realty and Ms. Relic on some of the damages claimed by Mr. and Mrs. Black, the record reveals that the trial court actually denied the motion on two occasions—at the end of the plaintiff's case and at the end of the defendants' case—and Stouffer Realty and Ms. Relic have not challenged the denial of the motion on appeal. Thus, to the extent that their arguments are premised on the court improperly allowing the jury to consider damages that had been eliminated by a directed verdict, they are without merit.

{¶14} The jury awarded the Blacks $9,991.67 on their claim of fraud, $7,657.67 on their breach of contract claim, and $8,907.67 for breach of fiduciary duty. While Stouffer Realty and Ms. Relic offer suggestions as to what specific damages the jury awarded, no interrogatories were submitted to the jury, and, therefore, the breakdown of the damages offered by the cross-

---

Civ.R. 54(B) language in its journal entry, Mrs. Black's pending claims do not deprive this Court of jurisdiction over this appeal. *Foley* at ¶ 4.

appellants is speculative since there is no evidence in the record to indicate what injuries constituted the damage awards. *See Colvin v. Abbey's Restaurant, Inc.*, 85 Ohio St.3d 535, 538 (1999) ("The purpose of using interrogatories is to test the general verdict."). In the absence of interrogatories, an appellate court may not overturn a jury's damage award unless it is apparent from the record that the award was the result of passion or prejudice. *See Grimm v. Summit Cty Children Services Bd.*, 9th Dist. Summit No. 22702, 2006-Ohio-2411, ¶ 43, citing *Patio Enclosures, Inc. v. Four Seasons Marketing Corp.*, 9th Dist. Summit No. 22458, 2005-Ohio-4933, ¶ 47. *See also Magnum Steel & Trading, L.L.C. v. Mink*, 9th Dist. Summit Nos. 26127, 26231, 2013-Ohio-2431, ¶ 32, quoting *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 655 (1994) ("'In Ohio, it has long been held that the assessment of damages is so thoroughly within the province of the jury that a reviewing court is not at liberty to disturb the jury's assessment absent an affirmative finding of passion and prejudice or a finding that the award is manifestly excessive.'"). Stouffer Realty and Ms. Relic have not argued that the jury's award was the result of passion or prejudice. *See Cardone*, 1998 WL 224934, at *8. Furthermore, after a thorough review of the record, we cannot conclude that it is apparent that the jury's damages award is the result of passion and prejudice. *See Grimm* at ¶ 43. *See also Pena v. Northeast Ohio Emergency Affiliates, Inc.*, 108 Ohio App.3d 96, 104 (9th Dist.1995) ("The mere size of the verdict is insufficient to establish proof of passion or prejudice.").

{¶15} Accordingly, the second cross-assignment of error of Stouffer Realty and Ms. Relic is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF PAMELA BLACK, BY FAILING AND REFUSING TO RE-CLARIFY TO THE JURY WHAT THE LAW IS ON PUNITIVE DAMAGES AND ATTORNEY FEES, AND TO GIVE THE MEMBERS OF THE JURY

THE OPPORTUNITY TO THEN CURE THEIR VERDICT OF ANY CONFUSION OR MISTAKE.

**{¶16}** In support of Mrs. Black's first assignment of error, she argues that, when the jury returned verdicts indicating that she was not entitled to punitive damages but entitled to attorney fees, the trial court should have ordered the jury to reconsider its verdicts. Because Mrs. Black confines her arguments to the whether the trial court violated Civ.R. 49(B), we confine our analysis accordingly. *See* App.R. 16(A)(7); *Cardone* at *8.

**{¶17}** The jury returned a verdict indicating that it found that Mrs. Black was not entitled to punitive damages but also found that Mrs. Black was entitled to attorney fees. This verdict was inherently inconsistent because attorney fees may not be awarded unless provided for by contract, the prevailing party has demonstrated bad faith, or punitive damages are awarded. *See Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009–Ohio–306, ¶ 7; *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 558 (1994).

**{¶18}** Mrs. Black argues that the trial court's actions violated Civ.R. 49(B). According to Mrs. Black, because the attorney fee verdict "essentially was in the nature of a jury interrogatory[,]" Civ.R. 49(B) would apply, and the trial court failed to comply with Civ.R. 49(B). "Civ.R. 49(B) details the procedures a trial court must follow when the parties submit interrogatories to go to the jury upon the court's approval. The purpose of using interrogatories is to test the general verdict." *Colvin*, 85 Ohio St.3d at 538. Civ.R. 49(B) allows the trial court to submit interrogatories to the jury at the request of a party, which "may be directed to one or more determinative issues whether issues of fact or mixed issues of fact and law." In the event that the jury's answers to the interrogatories are inconsistent with its general verdict, the trial court may enter judgment in accordance with the interrogatories, return the jury for further consideration of its answers and verdict, or may order a new trial. Civ.R. 49(B).

**{¶19}** Mrs. Black argues that, because the trial court did not use one of the options permitted by Civ.R. 49(B), it committed reversible error. However, we disagree with the premise underlying Mrs. Black's argument, namely, that the verdict form functioned as interrogatories to the jury. The jury verdict form contains an area to indicate an award of punitive damages as well as an area for the jury to award attorney fees. The portion of the verdict form allowing the jury to indicate whether attorney fees were appropriate was not testing the jury's award of punitive damages but was actually a general verdict in and of itself.[4] *See, e.g., Lynch v. Greenwald*, 9th Dist. Summit No. 26083, 2012-Ohio-2479, ¶ 7-8. Therefore, Civ.R. 49(B), which governs jury interrogatories, is inapplicable. *Kenney v. Fealko*, 75 Ohio App.3d 47, 53 (11th Dist.1991) (Civ.R. 49(B) "is inapplicable to th[e] situation in which the jury is asked to return more than one general verdict.").

**{¶20}** Accordingly, Mrs. Black's limited argument is without merit, and her first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF PAMELA BLACK, BY GIVING THE JURY AN AMBIGUOUS AND CONFUSING PUNITIVE DAMAGES VERDICT FORM.

**{¶21}** In Mrs. Black's second assignment of error, she argues that the trial court abused its discretion when it provided the jury with an ambiguous and confusing verdict form.

**{¶22}** Mrs. Black is correct that the jury form does not specify that an award of attorney fees may only be made if the jury awards punitive damages. Instead, the form simply read, "We, the jury, being duly impaneled, sworn, and affirmed find the Plaintiff, PAM BLACK, *____

---

[4] Mrs. Black recognizes this problem, which is why she does not claim that the attorney fee portion of the verdict form actually is an interrogatory. For this reason, her reliance upon *Anousheh v. Planet Ford, Inc.*, 2d Dist. Montgomery Nos. 21960, 21967, 2007-Ohio-4543, is misplaced since the jury in that case answered interrogatories. *Id.* at ¶ 9.

entitled to punitive damages." Underneath that sentence, there was a place for the jury to enter the amount of punitive damages, and, underneath that, was the following sentence: "We further find the Plaintiff, PAM BLACK *___ entitled to Attorney Fees."

{¶23} Mrs. Black never objected to the jury form before it was submitted to the jury notwithstanding the fact that counsel was aware of the content of the form upon the court reading it to the jury. While Mrs. Black argues that the trial court never presented her with an opportunity to review the verdict forms, the trial court's judgment entry indicates that the trial court had allowed counsel to review the forms. There is nothing in the record indicating that counsel for either party asked the trial court to examine the verdict form. Even accepting as true Mrs. Black's assertion that the trial court did not allow the attorneys to review the punitive damage verdict form, we conclude that Mrs. Black forfeited all but plain error on appeal. *See White v. Artistic Pools, Inc.*, 9th Dist. Summit No. 24041, 2009-Ohio-443, ¶ 7 ("Where a party has forfeited an objection by failing to raise it, the objection may still be assigned as error on appeal if a showing of plain error is made.") (Internal quotations and citations omitted.).

{¶24} The Supreme Court has cautioned that,

> [i]n applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121 (1997). Mrs. Black argues that the trial court committed plain error because the jury's verdict was inconsistent. However, that argument does not address Mrs. Black's assignment of error. Mrs. Black does not develop any argument or provide applicable authority in support of her stated assignment of error, namely, that the trial court abused its discretion when it submitted the jury verdict form to the jury under

circumstances where neither party objected to the contents of the verdict form. *See* App.R. 16(A)(7); *Cardone*, 1998 WL 224934, at \*8.

{¶25} Accordingly, Mrs. Black's second assignment of error is overruled.

III.

{¶26} We overrule the parties' assignments and cross-assignments of error. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DOUGLAS P. WHIPPLE, Attorney at Law, for Appellant/Cross-Appellee.

MARK A. ROPCHOCK, Attorney at Law, for Appellee/Cross-Appellant.