[Cite as *Hanamura-Valashinas v. Transitions by Firenza, L.L.C.*, 2020-Ohio-4887.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| KIMBERLEE HANAMURA-VALASHINAS, et al., | : | **O P I N I O N** |
| | : | |
| Plaintiffs-Appellees, | : | **CASE NO. 2019-L-057** |
| | : | |
| - vs - | : | |
| | : | |
| TRANSITIONS BY FIRENZA, LLC, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2017 CV 001631.

Judgment: Affirmed.

*James T. Dixon* and *Teresa G. Santin*, Brouse McDowell LPA, 600 Superior Avenue, East, Suite 1600, Cleveland, OH 44114 (For Plaintiffs-Appellees).

*Gerry Davidson* and *Jeffrey J. Fanger*, Fanger & Associates LLC, 36 Alpha Park, Highland Heights, OH 44143 (For Defendants-Appellants).

MATT LYNCH, J.

{¶1} Defendants-appellants, Transitions by Firenza, LLC, Anthony Fimiani, and Michael Fimiani, appeal the judgment rendered by the Lake County Court of Common Pleas in favor of plaintiffs-appellees, Tony Valashinas and Kimberlee Hanamura-Valashinas, in the amount of $9,000.00 on their claim of fraudulent transfer. For the following reasons, we affirm the decision of the court below.

{¶2} On October 10, 2017, the Valashinases filed a Complaint for Breach of

Contract; Breach of Implied Duty; Violations of the Home Construction Service Suppliers Act; Unjust Enrichment; and Slander of Title in the Lake County Court of Common Pleas against Transitions by Firenza, Inc., and Joseph A. Mannarino. The Complaint was based on a Construction Agreement between the Valashinases and Transitions, Inc. for the remodeling of their home in Concord Township.

{¶3} On December 29, 2017, Transitions, Inc. and Mannarino filed an Answer to Plaintiffs' Complaint. On the same date, Transitions, Inc. filed a Counterclaim against the Valashinases, raising claims of Breach of Contract (Count One), Conversion (Count Two), Unjust Enrichment (Count Three), and Defamation (Count Four).

{¶4} On November 29, 2018, the Valashinases filed a First Amended Complaint adding Transitions, LLC and the Fimianis as defendants. During the course of the litigation, the Valashinases discovered that all of Transitions, Inc.'s assets had been transferred to Transitions, LLC in 2016, and that Transitions, LLC's members had dissolved the LLC in October 2018. The Amended Complaint raised the following claims against Transitions, Inc., Mannarino, and the Fimianis: Breach of Contract (Count I); Breach of Implied Duty (Count II); Violations of the Home Construction Service Supplier Act (Count III); Unjust Enrichment (Count IV); Slander of Title (Count V); Fraud (Count VI); and Violations of the Consumer Sales Practices Act (Count VII). An eighth claim, Fraudulent Conveyance of Property and Assets (Count VIII), was raised against Transitions, Inc., Transitions, LLC, Mannarino, and the Fimianis.

{¶5} On December 21, 2018, Transitions, LLC filed a Notice of Dissolution effective October 24, 2018.

{¶6} On January 17, 2019, Transitions, Inc. filed an Amended Counterclaim.

2

{¶7} On January 28, 2019, Transitions, LLC and the Fimianis filed a Motion for Judgment on the Pleadings.

{¶8} On March 8, 2019, the trial court denied Transitions, LLC and the Fimianis' Motion for Judgment on the Pleadings.

{¶9} On April 8, 2019, Transitions, LLC and the Fimianis filed a Motion for Summary Judgment. On the same date, the Valashinases filed a Motion for Summary Judgment as to the Counterclaim of Transitions, Inc.

{¶10} On May 7, 2019, the trial court ruled on the Motions for Summary Judgment. The court dismissed the Valashinases' Fraud claim (Count VI) as to all parties. The court granted summary judgment in favor of the Fimianis with respect to Counts I through VII of the Amended Complaint. The court granted summary judgment in favor of Mannarino with respect to the Valashinases' Breach of Contract claim (Count I), and with respect to Counts II through VII "to the extent that those counts rely on piercing the corporate veil of Transitions by Firenza, Inc. rather than direct liability." The court dismissed Transitions, Inc.'s counterclaim for Defamation (Count Four).

{¶11} On May 13-17, 2019, the case was tried before a jury. At the close of the trial, Transitions, Inc. withdrew its claims for Conversion (Count Two) and Unjust Enrichment (Count Three). The jury found in the Valashinases' favor and against Transitions, Inc. on the Breach of Contract (Count I) claim in the amount of $43,516.00 and for Violations of the Home Construction Service Supplier Act (Count III) in the amount of $6,400.00 ($1,400.00 compensatory damages and $5,000.00 non-economic damages). The jury found in favor of the Valashinases and against Mannarino, Transitions, LLC, and the Fimianis on their Fraudulent Conveyance (Count VIII) claim in

3

the amount of $9,000.00 but denied an award of punitive damages. The jury found in favor of Transitions, Inc. on the Fraudulent Conveyance (Count VIII) claim and in favor of the Valashinases on Transitions, Inc.'s Counterclaims for Breach of Contract (Count One).

{¶12} On June 6, 2019, the trial court entered its Judgment Entry on the verdict.

{¶13} On June 11, 2019, the Valashinases filed a Motion for Award of Attorney's Fees.

{¶14} On June 13, 2019, Transitions, LLC and the Fimianis (subsequently joined by Transitions, Inc. and Mannarino) filed a Motion for Judgment Notwithstanding the Verdict.

{¶15} On June 27, 2019, the Valashinases filed a Motion for Judgment Notwithstanding the Verdict.

{¶16} On July 3, 2019, Transitions, LLC and the Fimianis filed a Notice of Appeal.

{¶17} On August 26, 2019, the trial court denied the Motions for Judgment Notwithstanding the Verdict filed by Transitions, LLC and the Fimianis and by the Valashinases.

{¶18} On August 26, 2019, the trial court awarded the Valashinases attorney fees against Transitions, Inc. in the amount of $5,375.50.

{¶19} On September 13, 2019, Transitions, LLC and the Fimianis filed an Amended Notice of Appeal.

{¶20} On appeal, Transitions, LLC and the Fimianis raise the following assignments of error:

{¶21} "[1.] The trial court erred in determining that a fraudulent transfer occurred

4

due to the fact that plaintiffs were not present or future creditors of defendants Anthony Fimiani, Michael Fimiani or Transitions by Firenza LLC and therefore as a matter of law a fraudulent transfer could not have occurred."

{¶22} "[2.] The trial court erred in awarding judgment of $9,000 in damages for a fraudulent transfer against Michael Fimiani, Anthony Fimiani, and Transitions by Firenza LLC as said award was speculative as to these defendants and against the manifest weight of the evidence."

{¶23} "[3.] The trial court erred in determining that Michael Fimiani and/or Anthony Fimiani engaged in a fraudulent transfer as said determination was against the manifest weight of the evidence with respect to the elements of an asset being transferred by or to Michael Fimiani and/or Anthony Fimiani and with respect to the element of intent to defraud, hinder or delay by Michael Fimiani and/or Anthony Fimiani and the plaintiffs therefore failed to meet their burden of proof as to these defendants."

{¶24} Under the first assignment of error, the appellants challenge the jury's verdict finding them liable under the Ohio Uniform Fraudulent Transfer Act.

{¶25} "In civil cases the jury deals only with probabilities, and the burden of proof is ordinarily carried by a preponderance of the evidence." *Cincinnati, Hamilton & Dayton Ry. Co. v. Frye*, 80 Ohio St. 289, 88 N.E. 642 (1909), syllabus.

{¶26} "In any civil action or proceeding that was tried to a jury, and when upon appeal all three judges hearing the appeal find that the judgment or final order rendered by the trial court on the jury's verdict is against the manifest weight of the evidence and have not found any other prejudicial error of the trial court in any of the particulars assigned and argued in the appellant's brief, and have not found that the appellee is

5

entitled to judgment or final order as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and remand the case to the trial court for further proceedings." App.R. 12(C)(2); Article IV, Section 3(B)(3), Ohio Constitution ("[n]o judgment resulting from a trial by jury shall be reversed on the weight of the evidence except by the concurrence of all three judges hearing the cause").

{¶27} "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1594 (6th Ed.1990).

{¶28} "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * * If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn.3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978); *Eastly v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21.

{¶29} The Uniform Fraudulent Transfer Act provides:

6

(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor;

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:

> (a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

> (b) The debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

R.C. 1336.04.

{¶30} With respect to recovery on a claim, the Act provides that "the creditor * * * may recover a judgment for the value of the asset transferred * * * or the amount necessary to satisfy the claim of the creditor * * * whichever is less." R.C. 1336.08(B)(1).

{¶31} The judgment may be entered against either of the following:

(a) The first transferee of the asset or the person for whose benefit the transfer was made;

(b) Any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

Id.

{¶32} At trial, there was evidence presented that Transitions, Inc. is an Ohio corporation of which Mannarino and the Fimianis were shareholders. Around December 2015 or January 2016, Transitions, Inc. ceased operating and its business and assets

7

were transferred to Transitions, LLC, of which Mannarino and the Fimianis were members. In May 2017, Transitions, Inc. entered into a Construction Agreement with the Valashinases. In October 2017, the Valashinases filed suit against Transitions, Inc. for, inter alia, breach of contract. In October 2018 (while the present litigation was pending), the members of Transitions, LLC resolved to dissolve the company.

{¶33} The appellants argue that they cannot be found liable under the Fraudulent Transfer Act because the jury did not find Transitions, Inc. liable and the Valashinases were never creditors with respect to them.

> While there was evidence of a transfer of assets by Defendant Transitions by Firenza Inc. to Defendant Transitions by Firenza LLC during a period of time prior to the Plaintiffs' claims, the jury did not find that transfer to be a fraudulent transfer since they found no fraudulent transfer by Defendant Transitions by Firenza Inc. Therefore, all of the evidence submitted during the trial regarding that transaction was determined by the jury as the finder of fact to be insufficient to establish a fraudulent transfer. Therefore, as a matter of law, there cannot be a fraudulent conveyance by Defendants Transitions by Firenza LLC, Anthony Fimiani, or Michael Fimiani.

Appellants' brief at 12-13.

{¶34} The appellants' argument is undercut by the provisions of the Act. A fraudulent transfer is defined in terms of a creditor (the Valashinases) and a debtor (Transitions, Inc.) with the debtor acting as a transferor. R.C. 1336.04(A). Recovery, however, is defined in terms of a transferee (Transitions, LLC and the Fimianis). R.C. 1336.08(B)(1). Transitions, Inc. was never a transferee and, therefore, the verdict in its favor is not inconsistent with a valid claim under the Act. Likewise, while the Act requires the transferor to be a debtor with respect to the creditor, there is no such requirement that transferees also be debtors. The basic elements of a Fraudulent Transfer claim are (1) the transfer of an asset by the debtor (2) with an intent to defraud, hinder, or delay, and

8

(3) the existence of present or future creditors. *Fade v. Morris*, 11th Dist. Ashtabula No. 2015-A-0009, 2015-Ohio-5337, ¶ 29. If these elements are satisfied, as they are in the present case, then the creditor "has the right to sue the original transferee and any subsequent transferee for the value of the transferred property." *Yoo v. Ahn*, 8th Dist. Cuyahoga No. 105406, 2018-Ohio-1291, ¶ 12; *McKinley Fed. S. & L. v. Pizzuro Ents., Inc.*, 65 Ohio App.3d 791, 798, 585 N.E.2d 496 (1990) (the transferee's knowledge of the debtor's fraudulent intent "is not necessary in an action under R.C. 1336.07, wherein such knowledge is not an essential prerequisite").

{¶35} Accordingly, it has been observed that "[w]hen * * * the debtor no longer retains any interest in the transferred property but has conveyed its entire interest to the transferee, courts have concluded that they may fully determine the transferee's rights without the debtor's being a party to the action." *Brown Bark II, L.P v. Coakley*, 188 Ohio App.3d 179, 2010-Ohio-3023, 934 N.E.2d 991, ¶ 20 (10th Dist.) (cases cited); *Premier Therapy, LLC v. Childs*, 2016-Ohio-7934, 75 N.E.3d 692, ¶ 132 (7th Dist.) ("[t]he necessary party would be the transferee * * * from whom recovery is sought"). If, strictly speaking, Transitions, Inc. was not a necessary party with respect to the Valashinases' fraudulent transfer claim against Transitions, LLC and the Fimianis, it can hardly be maintained that a judgment against Transitions, Inc. was a necessary concomitant to a judgment against Transitions, LLC and the Fimianis.

{¶36} The case of *Parmatown S. Assoc. v. Atlantis Realty Co., Ltd.*, 8th Dist. Cuyahoga No. 106503, 2018-Ohio-2520, cited by the appellants, does not stand for the proposition that a creditor-debtor relationship must exist with the transferee under the Act. In that case, the trial court upheld a grant of summary judgment against the party making

9

a Fraudulent Transfer claim because it did not meet the definition of a creditor as a "person who has a claim." *Id.* at ¶ 14, quoting R.C. 1336.01(D). The party did not have a claim because "the facts" did not demonstrate a transfer made with an intent to defraud, hinder, or delay and, therefore, the Act did "not apply as a matter of law." *Id.*

{¶37} The first assignment of error is without merit.

{¶38} In the second assignment of error, the appellants contend that the $9,000.00 judgment on the Fraudulent Transfer claim is against the manifest weight of the evidence.

{¶39} The trial court instructed the jury as follows with respect to damages:

> Damages include the value of the asset transferred or the amount necessary to satisfy the claim of the creditor, whichever is less. In addition, a person injured by a fraudulent transfer is entitled to such damages as will fairly compensate them for the wrong suffered -- that is, the damages sustained by reason of the fraud or deceit, which have naturally and proximately resulted from the defendant's conduct. Such damages may include any damages proven by the evidence, which the circumstances may require.

{¶40} As noted by the court, this jury instruction was submitted by Transitions, LLC and the Fimianis and was based on the model instruction from the Ohio State Bar Association. The instruction is consistent with R.C. 1336.08(B)(1), quoted above, and this court's decision in *D.A.N. Joint Venture III, L.P. v. Med-XS Solutions, Inc.*, 11th Dist. Lake No. 2011-L-056, 2012-Ohio-980: "A party injured by a fraudulent transfer 'is entitled to recover such damages as will fairly compensate him for the wrong suffered; that is, the damages sustained by reason of the fraud or deceit, and which have naturally and proximately resulted therefrom." (Citation omitted.) *Id.* at ¶ 46. "The amount of damages recoverable on a fraudulent transfer claim 'will depend on the facts of each case and what is necessary to compensate the creditor for harm flowing from the fraud." (Citation

omitted.) *Id.*

{¶41} The appellants' arguments regarding the damage award focus on the fact that the Valashinases did not prove the actual amount or value of assets transferred from Transitions, Inc. to Transitions, LLC. "There is no evidence of a $9,000 asset being transferred in the record by Defendants Michael Fimiani, Anthony Fimiani or Transitions by Firenza LLC and since there is no evidence of a $9,000 asset being transferred, * * * the Plaintiffs cannot prevail as a matter of law as they have not met their evidentiary burden of establishing an asset in the amount of $9,000 was transferred." Appellants' brief at 21.

{¶42} At trial, Anthony Fimiani testified that at the beginning of 2016 the remodeling business conducted by Transitions, Inc. was moved to Transitions, LLC. Anthony did not recall that Transitions, Inc. had any assets at this time. Michael Fimiani testified that "the only assets were money that was transferred from Inc. to LLC" but could not say what that value was. Transitions, Inc.'s tax return for 2015 was introduced into evidence and showed gross receipts in the amount of $2,375,345.00 and gross profit in the amount of $603,654.00.

{¶43} With respect to Transitions, LLC, there was no testimony as to its value at any time during its existence. In May and June 2017 (during the time of the remodeling of the Valashinases' home), the Valashinases made $111,705.20 in payments under the Construction Agreement directly to Transitions, LLC although Transitions, Inc. was the contracting party. At the time of Transitions, LLC's dissolution in October 2018, provision was made for the disposition of corporate assets and for the completion of ongoing construction projects.

11

{¶44} We do not find the absence of evidence regarding the values of the assets transferred fatal to an award of damages for fraudulent transfer. Both the Fraudulent Transfer Act and the case law recognize that damages may be based on the amount of the creditor's claim rather than the value of the asset transferred. The present case does not involve the transfer of particular assets. The evidence was that Transitions, Inc. ceased doing business at the end of 2015 or the beginning of 2016 and Transitions, LLC continued that business including whatever assets and/or liabilities existed. Likewise, the dissolution of Transitions, LLC resulted in the dispersal of all its assets including whatever assets and/or liabilities it had received from Transitions, Inc. (such as the Valashinases payments under the Construction Agreement). Moreover, the Valashinases presented evidence that their inability to be able to assign value to the transfers was the result of the appellants' refusal to cooperate and/or provide financial records. As this court has observed, where a defendant's actions have impeded the precise computation of damages, a plaintiff should not be denied a recovery for that reason. *D.A.N. Joint Venture*, 2012-Ohio-980, at ¶ 38.

{¶45} As to the actual figure of $9,000.00, we note that a similar figure was mentioned at several points in the testimony, particularly in Kimberlee Hanamura-Valashinas' testimony regarding certain inflated invoices which Transitions, Inc. submitted for payment. The appellants dispute this claim as a valid basis for damages on the grounds that any amounts Transitions, Inc. overcharged the Valashinases for materials was offset by Kimberlee's partial payment of the invoices submitted (such reduction being known as "retainage"). This argument is unavailing. The $111,705.20 paid by the Valashinases represented their actual payments, not the amount invoiced

(which was $124,104.79).  Moreover, the recovery of retainage was part of Transitions, Inc.'s counterclaim with regard to which the jury found in favor of the Valashinases. Finally, we note that the verdict was a general verdict and no interrogatories were submitted which would allow a precise qualification of the damages awarded.  *Black v. Stouffer Realty, Inc.*, 9th Dist. Summit No. 26550, 2013-Ohio-5723, ¶ 14 ("[w]hile [the cross-appellants] offer suggestions as to what specific damages the jury awarded, no interrogatories were submitted to the jury, and, therefore, the breakdown of the damages * * * is speculative since there is no evidence in the record to indicate what injuries constituted the damage award").

{¶46}  In sum, the award of $9,000.00 did not exceed an amount that would fairly compensate for Valashinases for their damages.  The second assignment of error is without merit.

{¶47}  In their third and final assignment of error, the appellants claim the fraudulent transfer verdict is against the weight of the evidence because "there simply is no evidence of a fraudulent transfer by the Defendants Anthony Fimiani, Michael Fimiani or Transitions by Firenza LLC with respect to the Plaintiffs."  They maintain that the elements of a fraudulent transfer claim, i.e., the transfer of an asset with the intent to defraud, hinder, or delay, "must be proven as to each respective defendant."  Appellants' brief at 22-23.  We disagree.  As explained under the first assignment of error, the Act requires a transfer with the intent to defraud, hinder, or delay "made * * * by a debtor." R.C. 1336.04(A).  Recovery may be made against subsequent transferees, but there is no requirement that subsequent transferees be debtors.

{¶48}  The appellants argue further: "It would constitute an unconstitutional

13

violation of the Defendants' rights to due process * * * for them to be held accountable for actions of a third party under a claim of fraudulent transfer where they had no participation in the transfer and were only affiliated with the third party as minority members of a limited liability company." Appellants' brief at 25. Again, this is not an accurate description of the way the Act operates. Rather, the Act provides: "A transfer or an obligation is not fraudulent * * * against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee." R.C. 1336.08(A) and (B)(1)(b) ("judgment may be entered against * * * [a]ny subsequent transferee other than a good faith transferee who took for value").

{¶49} In the present case, Transitions, Inc. was a corporation with five shareholders. Mannarino owned a fifty-percent interest and each of the four Fimiani brothers (two of whom were not defendants) owned twelve-and-a-half-percent interests. Both Anthony and Michael Fimiani were officers in the company (treasurer and president respectively). When Transitions, Inc. began operating as Transitions, LLC, Mannarino and the Fimianis continued as members maintaining the same interests as they previously held as shareholders. This transfer was not for value. Furthermore, several characteristics of the transfer are identified under that Act as factors to be considered in determining "actual intent" to defraud, hinder, or delay, such as: the transfer was to insiders as defined in R.C. 1336.01(G)(2); the transfer was substantially all of the debtor's assets; there was no consideration paid or value given for the transfer; and debtor became insolvent as a result of the transfer. R.C. 1336.04(B)(1), (5), (8), and (9).

{¶50} As noted above, it was after this transfer which rendered Transitions, Inc. insolvent that Transitions, Inc. entered into the Construction Agreement with the

Valashinases. The Valashinases were directed to make payments to Transitions, LLC. When, during the pendency of this litigation, Transitions, LLC decided to dissolve itself, that decision was made by the same persons who had effected the transfer of assets from Transitions, Inc. Again, there was not a transfer for value.

{¶51} As transferees who did not take for value, the appellants could be held liable under the Act regardless of their intent with respect to the fraudulent transfer. The third assignment of error is without merit.

{¶52} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, finding the appellants liable in the amount of $9,000.00 on the Valashinases' fraudulent transfer claim, is affirmed. Costs to be taxed against the appellants.


CYNTHIA WESTCOTT RICE, J., concurs in judgment only,

TIMOTHY P. CANNON, P.J., concurs in judgment only with a Concurring Opinion.


_____


TIMOTHY P. CANNON, P.J., concurring in judgment only.

{¶53} I concur in judgment only with regard to the application of the Fraudulent Transfer Act based on the facts and circumstances in this case.

{¶54} Transitions, Inc. was listed as a viable corporation in Ohio when it contracted for home renovation services with the Valashinases. At the time the contract was entered into, Transitions, Inc. was *not* a debtor to the Valashinases. There is no

15

requirement that a corporation retain its assets in order to conduct future business. In essence, and to put it simply, the plaintiffs entered into a contract with a valid corporation that had no assets.

{¶55} The application of the Fraudulent Transfer Act in a circumstance such as this should be measured with caution. It should not apply in situations where one entity transfers its assets simply to proceed with future customers without exposing its assets to those future creditors. However, the evidence presented in the present matter showing the Valashinases were directed to make payments to Transitions, LLC, and the timing of the dissolution just prior to the mediation, lead me to agree the evidence was sufficient to allow the question to be presented to the jury for consideration of whether a violation of the Fraudulent Transfers Act had occurred. Therefore, I concur in judgment only that the decision should be affirmed.